# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3931

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Charles Michael Ashley, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2003

Filed: September 9, 2003

_____

Before BOWMAN and BYE, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

BYE, Circuit Judge.

Charles Michael Ashley pleaded guilty to one count of receipt of pornographic materials involving minors in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Ashley was sentenced by the district court[2] to 135 months imprisonment. Ashley now seeks review of a five-level sentencing enhancement for a "pattern of activity involving the

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

sexual abuse or exploitation of a minor." <u>See</u> United States Sentencing Guidelines (U.S.S.G.) § 2G2.2(b)(4).  We affirm.

I

Charles Michael Ashley's home was searched by the North Dakota Parole and Probation Office during a home compliance visit.  During this search, Special Agent Erickson, Special Agent Pfennig, and Dunn County Sheriff Boepple observed photographs of young children, which could be considered child erotica, hanging on the wall.  While agents went to secure a search warrant, Ashley volunteered statements about his sexual interest in children and his interest in collecting child pornography from the Internet.  Ashley further admitted to accumulating over 2,000 images of child pornography and to possessing videos containing child pornography.  Ashley informed Special Agent Erickson that 95% of his collection of child pornography contained children between the ages of four and thirteen.

Agents seized Ashley's computer, digital camera, and magnetic and optical media while conducting a search of his premises.  These items contained pornographic materials in violation of federal law.  Ashley was indicted in July 2002 on two counts:  Count 1, knowingly receiving child pornography; and Count 2, knowingly possessing numerous computer files containing child pornography.  Ashley pleaded guilty to Count 1 of the indictment on September 18, 2002.  Count 2 was dismissed as agreed to in the plea agreement.

The presentence investigation report noted Ashley was convicted in 1997 of two counts of gross sexual imposition in Dunn County, North Dakota, for molesting his son and daughter.  Because of these convictions, the presentence investigation report recommended a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4).  The district court adopted this recommendation.

Ashley waived his right to appeal all but the application of the U.S.S.G. § 2G2.2(b)(4) enhancement, and the enhancement is the sole issue on appeal.

II

We review the district court's interpretation and application of the Sentencing Guidelines de novo. United States v. Akbani, 151 F.3d 774, 777 (8th Cir. 1998).

The crux of Ashley's argument is that he believes U.S.S.G. § 2G2.2(b)(4) may be read to refer only to characteristics of the current offense, and because his interpretation is reasonable, the enhancement is ambiguous. Ashley argues the rule of lenity should apply in his favor to make the five-level enhancement inapplicable.

The Guideline states "if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by five levels." U.S.S.G. § 2G2.2(b)(4). Application note 1 further states a

> "pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same or different victims; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2, cmt. n.1.

"When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." United States v. Andreas, 216 F.3d 645, 676 (7th Cir. 2000). Application Note 1, corresponding to U.S.S.G. § 2G2.2(b)(4), was amended in 1996 to make it clear a "pattern of activity" includes acts of sexual abuse or exploitation committed prior to the charged offense. United

States v. Anderton, 136 F.3d 747, 750 (11th Cir. 1998). The Sentencing Commission has further explained "the conduct considered for purposes of the 'pattern of activity' enhancement is broader than the scope of relevant conduct typically considered under § 1B1.3." U.S. Sentencing Commission Guidelines Manual, App. C at 373. Note 1 makes U.S.S.G. § 2G2.2(b)(4) unambiguous; the enhancement applies "whether or not the abuse . . . occurred during the course of the offense." U.S.S.G. § 2G2.2 cmt. n.1.

Ashley was convicted in 1997 of two counts of gross sexual imposition for sexually abusing his son and daughter. Therefore, the district court did not err when it used these prior convictions to apply a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4).

Accordingly, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.