# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 05-1836

_____

United States of America,        *
                                   *
          Appellee,          *
                                   *       Appeal from the United States
    v.                             *       District Court for the Northern
                                   *       District of Iowa.
Unis Bah,                     *
                                   *
          Appellant.       *

_____

Submitted: December 13, 2005
Filed: March 3, 2006

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Appellant Unis Bah pled guilty to one count of making a false, fraudulent and fictitious material statement and representation within the jurisdiction of the Department of Homeland Security, a department and agency of the United States, in violation of 18 U.S.C. § 1001. The district court determined an advisory United States Sentencing Guidelines range of 10 to 16 months and imposed a sentence of 30 months' imprisonment. Bah appeals his sentence. For the reasons discussed below, we remand to the district court for resentencing.

## I.    BACKGROUND

Bah was charged in a 5-count indictment with crimes related to a scheme to obtain visas from foreign consulates and embassies in the United States by using false immigration documents. Bah and his co-defendant, Abdulaziz Bah ("Abdulaziz"), were arrested by United States Immigration and Customs Enforcement ("ICE") agents after driving from Maryland to a Cedar Rapids, Iowa, post office to pick up a package. The package contained immigration documents that had been submitted to the Irish Consulate in Chicago, Illinois, in support of three applications for Irish visitor visas. The documents included successively numbered, purportedly valid passports from the Republic of Guinea and visa applications supported by fraudulent I-551 cards (Alien Registration Cards). Bah pled guilty to Count 4 of the indictment, charging him with making a material false statement in violation of § 1001 when he told an ICE agent that he did not know the purpose of the trip to Cedar Rapids. The remaining counts were dismissed at sentencing.

The Presentence Investigation Report ("PSR") indicated that the proper offense guideline for a violation of § 1001 was U.S.S.G. § 2B1.1 (the guideline for sentencing for fraud and deceit). However, the PSR also recommended that the district court apply the cross-reference available in subsection (c)(3) of § 2B1.1, which provides that "[i]f . . . the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally . . . and . . . the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline." The PSR advised that the cross-reference is available if "the defendant was convicted under [certain] statute[s]," including § 1001, but neglected to identify the cross-reference's second requirement: that the conduct that establishes the offense covered by another guideline must be set forth *in the count of conviction*.

After hearing testimony from an ICE agent regarding Bah's involvement in the fraudulent immigration document scheme, the district court sentenced Bah pursuant to the more punitive guideline of § 2L2.1 (the sentencing guideline for trafficking in immigration documents or making a false statement with respect to the immigration status of another). Without specifically identifying the § 2B1.1 cross-reference, the district court utilized § 2L2.1 and calculated a base offense level of 11 and a criminal history category of I. The district court then made a 3-level upward adjustment pursuant to § 2L2.1(b)(2) (for an offense involving 6 to 24 documents) and a 2-level downward adjustment for Bah's acceptance of responsibility pursuant to § 3E1.1(a), but denied Bah's request for a minimal-participant downward adjustment pursuant to § 3B1.2(a). As a result, the district court determined a total offense level of 12 and a guidelines range of 10 to 16 months. However, the district court sentenced Bah to 30 months' imprisonment after considering the facts in light of the 18 U.S.C. § 3553(a) factors and determining that an upward variance was appropriate.

On appeal, Bah argues that the district court's application of the cross-reference was erroneous because the language of § 2B1.1(c)(3) specifically limits the evidence that the court may consider for purposes of § 2B1.1(c)(3) to "the conduct set forth in the count of conviction" and that–regardless of other evidence or stipulations–the count of conviction did not establish that Bah committed a crime covered under another guideline. In addition, Bah argues that he should have received a reduction in his total offense level pursuant to § 3B1.2(a) as a minimal- participant and that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).[1]

---

[1]Bah also argues that the district court violated the Sixth Amendment by making findings of fact utilizing a preponderance of the evidence standard when imposing sentence. However, judicial fact-finding using a preponderance of the evidence standard is permitted provided that the guidelines are applied in an advisory manner. *United States v. Wade*, 435 F.3d 829, 831 (8th Cir. Jan. 13, 2006) (citing *United States v. Vaughn*, 410 F.3d 1002, 1004 (8th Cir. 2005)). Because the record establishes that the guidelines were applied in an advisory manner, the district court did not err on this

## II. DISCUSSION

The first step in reviewing Bah's sentence is to determine whether the district court's interpretation and application of the guidelines was correct. *United States v. Mashek*, 406 F.3d 1012, 1016-17 (8th Cir. 2005). We review the issue of whether the district court erred in applying the guidelines de novo. *United States v. Mark*, 425 F.3d 505, 506 (8th Cir. 2005). "If the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a)." *Mashek*, 406 F.3d at 1017.

In this case, we must determine whether the district court was correct in applying § 2L2.1 to Bah. Although the district court heard evidence and argument at sentencing on the applicability of the § 2B1.1(c)(3) cross-reference, it did not state on the record or in its written order the basis for its decision to sentence under § 2L2.1. We note that the § 2B1.1(c)(3) cross-reference is not the only mechanism available under the guidelines upon which the district court could have relied when sentencing Bah under § 2L2.1. The district court also could have relied on the cross-reference under § 1B1.2(a). Therefore, we will consider whether either cross-reference allows Bah to be sentenced under § 2L2.1.

### A. The § 2B1.1(c)(3) Cross-Reference

Bah argues that if the district court applied the § 2B1.1(c)(3) cross-reference to sentence him under § 2L2.1, the court erred because there was insufficient evidence to establish that Bah committed an offense punishable under § 2L2.1. If the district court sentenced Bah pursuant to § 2L2.1, the court must have determined that the evidence established that Bah had violated either 18 U.S.C. § 1544 (misuse of a

_____

point.

-4-

passport) or 18 U.S.C. § 1546 (fraud and misuse of visas, permits and other documents), or that he had conspired to commit a violation of § 1544 or § 1546 in violation of 18 U.S.C. § 371.[2] However, Bah maintains that the district court could not have properly found that Bah committed a violation of § 371, § 1544, or § 1546 because the language of § 2B1.1(c)(3) specifically limits the district court to considering only the conduct set forth in the count of conviction when determining whether to apply the cross-reference.

"When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." *United States v. Ellefson*, 419 F.3d 859, 865 (8th Cir. 2005) (quoting *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003)). Section 2B1.1(c)(3) provides that "[i]f . . . the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally . . . and . . . *the conduct set forth in the count of conviction* establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline." (emphasis added). A plain reading of this unambiguous language establishes that the district court may look only to "the conduct set forth in the count of conviction" when determining whether the cross-reference applies. As such, this cross-reference is applicable "only if the conduct alleged in the count of the indictment of which the defendant is convicted establishes the elements of another offense." *United States v. Genao*, 343 F.3d 578, 583 (2d Cir. 2003).[3]

---

[2]The applicability of any other offense punishable under § 2L2.1 is not supported by the facts of this case. *See* U.S.S.G. § 2L2.1, cmt. statutory provisions; U.S.S.G. Appx. A.

[3]Our understanding of the plain meaning of § 2B1.1(c)(3) also is supported by the language that the United States Sentencing Commission chose to exclude from the current version of the section. Under the prior version of the guidelines, sentencing for a violation of § 1001 was governed by the former § 2F1.1, which contained a similar cross-reference provision that allowed the district court to consider not only the indictment or information setting forth the count of conviction but also "(a

In this case, the count of conviction provides that

> On or about June 17, 2004, in the Northern District of Iowa, in a matter within the jurisdiction of Department of Homeland Security, United States Immigration and Customs Enforcement, a department and agency of the United States, the Defendant UNIS BAH, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; that is, defendant told an Immigration and Customs Enforcement agent that he did not know the purpose of his and Abdulaziz Bah's overnight trip to Iowa from Maryland, when in truth and in fact, defendant knew the purpose of the trip was to pick up a package at the Post Office in Cedar Rapids, Iowa.
>
> This in violation of title 18, United States Code, Section 1001.

Nothing in the count of conviction establishes that Bah's conduct involved a visa, passport or other document related to naturalization, citizenship or legal resident status, a material element necessary to prove a violation of either § 1544 or § 1546. Nor does the count of conviction establish requisite elements of conspiracy, such as the existence of a conspiracy or the intent to join a conspiracy under § 371. *United States v. Holloway*, 128 F.3d 1254, 1257 (8th Cir. 1997) (citing *United States v. Lucht*, 18 F.3d 541, 552 (8th Cir. 1994), for the proposition that to establish a defendant's participation in a conspiracy, the evidence must show that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement and that the

---

stipulation described in § 1B1.2(a))." U.S.S.G. § 2F1.1 (deleted), cmt. n.14 (1998). However, when § 2F1.1 and § 2B1.1 were consolidated, this parenthetical phrase in § 2F1.1 was not adopted. Clearly, the Sentencing Commission intended to limit the application of the cross-reference to situations in which the conduct set forth solely in the count of conviction establishes another offense.

defendant knowingly became a party to the conspiracy).  Thus, while the ICE agent's testimony may have established Bah's violation of a more serious offense than a violation of § 1001, the conduct set forth in the count of conviction does not establish that Bah committed an offense punishable pursuant to § 2L2.1.  If the district court relied on the § 2B1.1(c)(3) cross-reference, it erred in sentencing Bah under § 2L2.1.

## B.    The § 1B1.2(a) Cross-Reference

Bah assumes on appeal that the district court determined that § 2L2.1 was the appropriate offense guideline by applying the § 2B1.1(c)(3) cross-reference. However, as the Government argues, it is possible that the district court made this determination pursuant instead to the cross-reference in § 1B1.2(a), the first section to which the district court must turn in applying the guidelines.  U.S.S.G. § 1B1.1(a). Section 1B1.2(a) provides that the district court must "determine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction," but contains a cross-reference that allows the district court, under certain circumstances, to sentence a defendant pursuant to a more severe guideline: "in the case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two applicable to the stipulated offense."  *Id.*  Thus, the district court could have sentenced Bah under another offense guideline if Bah stipulated in his plea agreement to facts specifically establishing a more serious offense and Bah and the Government explicitly agreed that such stipulation was a stipulation for purposes of § 1B1.2(a).

Because Bah did not make any additional, relevant stipulations at the sentencing hearing, we limit our review to the contents of the written stipulation in the plea agreement.  Bah acknowledged in the stipulation in his plea agreement that three visa applications, supported by the Republic of Guinea passports, were submitted by an unnamed person to the Irish Consulate in Chicago and that "someone" spoke

several times by telephone with the consulate about the status of those applications. He also acknowledged that the visa application in the name of "Unis Conte" was supported by an altered copy of Bah's I-551 card and contained Bah's photograph and resident alien number. However, in the stipulation Bah specifically disavowed any personal knowledge as to these facts, agreeing only that they were established by the evidence.

Bah further stipulated that he traveled from Maryland to Iowa with Abdulaziz in a rental car to pick up a package at a post office. He also stipulated that he waited in the car while Abdulaziz picked up the package containing passports and that law enforcement found a fraudulent I-551 card on Abdulaziz and a false social security card in the car, although Bah expressly denied any personal knowledge regarding these cards. Last, Bah admitted that he gave ICE officers false information about his knowledge of the purpose of his trip to Iowa and that he knew the purpose of the trip was to pick up a package that he knew "was to contain immigration documents." However, Bah did not admit to knowing that the immigration documents were fraudulent. While Bah stipulated that "Abdulaziz asked defendant to travel to Iowa to pick up a package...", he struck from the stipulation, without objection from the Government, the modifying phrase "containing documents defendant knew were connected to immigration fraud."

We decline the Government's invitation to infer Bah's knowledge or intent with respect to these stipulated facts, beyond that knowledge or intent to which Bah admitted in the stipulation. The language of § 1B1.2(a) is clear. The stipulation purporting to establish a more serious offense than the offense of conviction must "specifically establish[]" a more serious offense than the offense of conviction. Moreover, a stipulation which supports two reasonable readings–one reading that indicates that the defendant committed the more serious offense and one reading that does not–is not a stipulation which specifically establishes that the defendant

committed the more serious offense for purposes of § 1B1.2(a). *See Braxton v. United States*, 500 U.S. 344, 351 (1991).

To establish that Bah misused a passport in violation of § 1544, the stipulation must specifically establish that Bah either used or attempted to use a passport in violation of the law, or that he furnished, disposed of or delivered a passport to any person for use by another, other than the person for whose use it was originally issued. In addition to not specifically establishing that Bah knew of the fraudulent nature of the passports, the stipulation does not specifically establish any use or attempted use of the passports. Nor does it specifically establish that either Abdulaziz or Bah gave the passports to another person. Rather, it appears that Abdulaziz picked up the passports and shortly thereafter was stopped by law enforcement, who confiscated the documents.

Similarly, to establish that Bah committed fraud or misuse related to an immigration document in violation of § 1546, the stipulation must specifically establish that Bah possessed, obtained, accepted or received an immigration document, knowing it to be forged, counterfeited, altered or falsely made. However, Bah did not admit to knowing that the immigration documents were fraudulent. In fact, he specifically denied in the stipulation personal knowledge of facts from which one might be able to infer that the immigration documents were, in fact, fraudulent. Moreover, Bah deleted from the stipulation the key assertion that he knew that the documents were connected to immigration fraud. The Government apparently acquiesced to these disavowals and submitted the stipulation to the district court in support of the plea agreement. Given this, even though there are facts in the stipulation that might support the inference of Bah's knowledge of the fraudulent nature of the immigration documents, we do not believe that such knowledge has been specifically established. *See Braxton*, 500 U.S. at 351 (recognizing that a disavowal of intent may affect whether a stipulation specifically establishes the commission of a more serious offense under § 1B1.1(a)).

Likewise, the stipulation does not specifically establish the existence of a conspiracy or that Bah knowingly became a party to any conspiracy. In addition, any inference that could be drawn to establish these elements would not be the only reasonable interpretation of the stipulation. As such, the stipulation does not specifically establish that Bah participated in a conspiracy in violation of § 371 to commit an offense in violation of § 1544 or § 1546.

Accordingly, because neither the § 2B1.1(c)(3) cross-reference nor the § 1B1.2(a) cross-reference could have been properly utilized to sentence Bah pursuant to § 2L2.1, we find that the district court erred in determining the sentencing range under the guidelines. Bah's sentencing guideline range should have been calculated using § 2B1.1.

## C. Harmless Error

We next consider whether the district court's use of § 2L2.1 constitutes harmless error. "The party benefitting from the error has the burden to prove that it was harmless." *United States v. Gutierrez*, Nos. 04-4069 and 05-1068, slip op. at 4 (8th Cir. Feb. 8, 2006) (citing *United States v. Red Elk*, 426 F.3d 948, 950 (8th Cir. 2005) and *United States v. Haidley*, 400 F.3d 642, 644 (8th Cir. 2005)). We conclude that the Government cannot meet this burden and that the error was not harmless.

The PSR presented an alternative guidelines calculation utilizing § 2B1.1, which resulted in the same total offense level, 12, as the district court calculated utilizing only § 2L2.1. However, in reaching this total offense level under § 2B1.1, the PSR included a 6-level enhancement under § 2B1.1(b)(9) and a 2-level enhancement under § 2B1.1(b)(10). Perhaps because the district court did not use § 2B1.1 to sentence Bah, it never ruled on his objections to the § 2B1.1 enhancements recommended by the PSR. As such, there are insufficient findings on which to determine a sentencing range under § 2B1.1. As Bah correctly argues, without these

enhancements, the guidelines range would have been 0 to 6 months, rather than 10 to 16 months. Therefore, this is not a situation where the error in calculating the guidelines range is harmless. *See, e.g., Mashek*, 406 F.3d at 1017 (noting that "there may be situations where an error in calculating the appropriate guidelines range is harmless . . . [for example] where the resulting sentence lies in the overlap between the correct and incorrect guidelines ranges").[4]

We next consider whether the district court's pronouncement of an identical alternative sentence renders the advisory guidelines calculation error harmless. The district court stated that "if [I] am wrong about the application of [the guidelines] . . . and the guidelines would advise a sentence that was higher or a sentence that was lower, this is still my sentence based on all the factors set forth at . . . § 3553(a)(1) through (7)." We have stated that "[w]hen the guidelines are incorrectly applied, we remand for resentencing unless the error was harmless, such as when the district court would have imposed the same sentence absent the error." *United States v. Idriss*, No. 04-3886, slip op. at 8 (8th Cir. Feb. 8, 2006). For instance, we have found harmless error under this rule in a case where the sentencing court determined an identical alternative guidelines range to be effective in the event its finding on a particular guidelines adjustment was overruled on appeal. *See United States v. Hadash*, 408 F.3d 1080, 1082-83 (8th Cir. 2005) (finding the erroneous application of a 6-level downward adjustment under § 2K2.1(b)(2) to be harmless because the sentencing court stated that if that adjustment did not apply, it would depart downward an identical six levels under § 5K2.0). We also have cited the rule but found the standard

---

[4]The error in this case may have been harmless had the district court overruled Bah's objections to the § 2B1.1(b)(9) and (b)(10) enhancements. Assuming that there would have been no error in overruling the objections–an issue that is not before the Court–the guidelines range calculated under § 2B1.1 would have been identical to that calculated under § 2L2.1. Had this been the scenario, we would proceed to determine the reasonableness of the ultimate sentence, including the district court's decision to vary upward, in light of the correctly calculated guidelines range and the § 3553(a) factors.

unsatisfied where the sentencing court did not pronounce an identical alternative sentence in the event its ruling on a particular guidelines adjustment was overruled. *See, e.g.*, *Idriss*, slip op. at 8; *United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005). We have yet to apply such a harmless error rule where the sentencing court pronounced a blanket identical alternative sentence to cover any potential guidelines calculation error asserted on appeal without also basing that sentence on an alternative guidelines calculation.

Applying the rule to find harmless error in the instant case would create a direct conflict with our firmly established precedent that "the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence." *United States v. Haack*, 403 F.3d 997, 1002-1003 (8th Cir. 2005); *see also Mashek*, 406 F.3d at 1016 ("The appropriate guidelines range, though now calculated under an advisory system, remains the critical starting point for the imposition of a sentence under § 3553(a)."). Where the sentencing court determines an identical alternative guidelines range in the event its ruling on a particular adjustment is erroneous, as in *Hadash*, the sentencing court has calculated the advisory guidelines range underlying the alternative sentence—it is the original calculated guidelines range without the challenged enhancement. In such a case, a finding of harmless error based on an identical alternative sentence presents no conflict with *Haack*. However, where, as here, the sentencing court pronounces an identical alternative sentence, not based on any alternative guidelines calculation but instead intended to cover any and all potential guidelines calculation errors, the sentencing court effectively has ignored the requirement of *Haack* to "first determine the appropriate guidelines sentencing range" for the alternative sentence. 403 F.3d at 1002-1003. We cannot make a finding of harmless error where the identical alternative sentence was not based on a correctly calculated advisory guidelines range. *See Mashek*, 406 F.3d at 1016 (noting that 18 U.S.C. § 3742(f)(1) requires remand of a sentence based on an incorrectly calculated

advisory guidelines range regardless of whether the sentence would otherwise be deemed reasonable).

Our conclusion is supported by the fact that the absence of an identifiable advisory guidelines range for the alternative sentence thwarts our review of the sentence for reasonableness. Because a sentence within the properly calculated guidelines range is presumptively reasonable, *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005), a correctly calculated guidelines range is the necessary starting point for assessing the reasonableness of a variance. *See United States v. Larrabee*, No. 05-1143, slip op. at 4 (8th Cir. Feb. 3, 2006) (holding that "an extraordinary upward variance [must] be supported by extraordinary circumstances," and quoting *United States v. Johnson*, 427 F.3d 423, 426-27 (7th Cir. 2005), for the proposition that "[h]ow compelling that justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed."). Therefore, the district court cannot preemptively announce an alternative sentence under the § 3553(a) factors without first having determined the correct advisory guidelines range.

Finally, we also do not reach the minimal-participant issue, as any such request by Bah on remand will have to be evaluated by the district court in light of the offense of conviction, § 1001, and the applicable offense guideline, § 2B1.1.

## III.   CONCLUSION

We therefore vacate the sentence and remand to the district court for resentencing consistent with this opinion.

BYE, Circuit Judge, concurring.

Although I agree the district court miscalculated the guidelines, I write separately because I believe the district court's error in calculating the guidelines was harmless. "An error is harmless if it is clear from the record that the district court would have given the defendant the same sentence regardless of which guideline range applied." United States v. Staples, 410 F.3d 484, 492 (8th Cir. 2005). The nature of the harmless error test does not depend on whether the district court correctly calculated the guidelines; thus, I disagree with the majority that the harmless error analysis should only be employed after the district court correctly calculates the guideline range. If the district court had correctly calculated the guideline range, there would be no need to engage in this analysis in the first place. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) (noting although "the sentencing court must first determine the appropriate guidelines sentencing range," cases may exist "where sentencing factors [are] so complex, or other [18 U.S.C.] § 3553(a) factors may so predominate, that the determination of a precise sentencing range may not be necessary or practical."). Additionally, I believe our decision in United States v. Mashek, 406 F.3d 1012 (8th Cir. 2005), supports, rather than contradicts, the application of the harmless-error analysis in this case. In Mashek, we analyzed the defendant's sentence for harmless error despite the district court's incorrect calculation of the guidelines. Id. at 1020. Unlike the case here, the district court in Mashek did not announce an identical alternative sentence. Id. The error in Mashek was, thus, not harmless because we could not say the defendant would have received the same sentence despite the error. Id.

In the case at hand, the district court noted it would have sentenced Bah to the same sentence even if it were "wrong about the application" of the guidelines, and the "guidelines would advise a sentence that was higher or a sentence that was lower." Because the district court would have sentenced Bah to thirty months of imprisonment no matter how his guideline range should have been computed, the error in the initial

-14-

guideline calculation is harmless. <u>See</u> <u>United States v. Hawk Wing</u>, 433 F.3d 622, 633 (8th Cir. 2006) (Loken, C.J., concurring) (noting the harmless-error analysis should be utilized to prevent otherwise "meaningless remands").

Despite the presence of a harmless error, I nevertheless concur in the result of this case as I believe a sentence of thirty months of imprisonment is unreasonable under the circumstances. Bah's guideline range was calculated, albeit incorrectly, at ten to sixteen months of imprisonment. This is the exact same range recommended by the PSR under its alternative calculation. However, even the district court acknowledged Bah's sentence could be calculated in the zero to six-month range, thus making him eligible for probation. Even if Bah's correct guideline range should be ten to sixteen months, I believe a sentence of thirty months is unreasonable because it represents an upward departure of between 180 percent and 300 percent.

An extraordinary departure "must be supported by extraordinary circumstances." <u>United States v. Saenz</u>, 428 F.3d 1159, 1162 (8th Cir. 2005) (quoting <u>United States v. Dalton</u>, 404 F.3d 1029, 1033 (8th Cir. 2005)) (reversing a sixty-eight percent downward departure). A review of the 18 U.S.C. § 3553(a) factors demonstrate no such extraordinary circumstances exist here. This case is unlike <u>United States v. Shannon</u>, 414 F.3d 921, 924 (8th Cir. 2005), in which we upheld a sentence of fifty-eight months when the defendant had an advisory guideline range of six to twelve months because the defendant in <u>Shannon</u>, unlike Bah, possessed a seriously under-represented criminal history. Because neither the "nature and circumstances of the offense" nor Bah's personal and criminal history warranted such an extreme upward departure, <u>see</u> 18 U.S.C. § 3553(a)(1), I believe Bah's sentence is unreasonable. Additionally, I find such an extreme departure does not further the other Section 3553(a) factors. Thus, I concur.

_____