

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2007

# USA v. Fitzgerald

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Fitzgerald" (2007). *2007 Decisions.* Paper 1799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-4506

UNITED STATES OF AMERICA

v.

PATRICK FITZGERALD,
                                       Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-000792)
District Judge:  Honorable Stanley R. Chesler

Argued December 5, 2006

Before:  RENDELL and AMBRO, Circuit Judges
and BAYLSON*, District Judge.

(Filed:  January 9, 2007)

* Honorable Michael M. Baylson, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

Brian P. Reilly     **[ARGUED]**
Office of Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, 4th Floor
Trenton, NJ  08609
    *Counsel for Appellant*

George S.  Leone
Mark E.  Coyne     **[ARGUED]**
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ  07102
    *Counsel for Appellee*

---

OPINION OF THE COURT

---

BAYLSON, *District Judge*.

Defendant-Appellant Patrick Fitzgerald ("Fitzgerald") appeals from the judgment of sentence imposed by the District Court following his guilty plea to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction over the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  We review the District Court's sentencing decision under an abuse of discretion standard. United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006).  Alleged errors of law are subject to plenary review.  Id.

Fitzgerald's base offense level under the Sentencing Guidelines was 17.  In the

plea agreement, the parties stipulated to a number of enhancements, increasing the base

offense level to 29.[1] The District Judge also imposed two five-level enhancements,[2]

making the pre-departure offense level 39. He then made a three-point reduction under

U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) because of Fitzgerald's acceptance of responsibility,

and an additional four-point reduction after granting the government's motion for a

downward departure under § 5K1.1 and 18 U.S.C. § 3553(e).[3] With a total offense level

of 32, and criminal history category of I,[4] Fitzgerald's Guidelines range called for

121-151 months imprisonment. The court imposed a sentence of 144 months

---

[1] The parties agreed to enhancements under §§ 2G2.2(b)(1) (two additional levels because materials involved a prepubescent minor and/or minors under age 12); 2G2.2(b)(5) (two additional levels because defendant used a computer to obtain and transmit child pornographic materials); 2G2.2(b)(6)(B) (five additional levels because the offense involved 600 or more images); and 3B1.1(b) (three additional levels because defendant acted as a manager/supervisor and the criminal activity involved at least five participants).

[2] Judge Chesler adopted the recommendations of the Presentence Report, and imposed enhancements under §§ 2G2.2(b)(2)(B) (five additional levels because defendant distributed the materials in exchange for a thing of value) and 2G2.2(b)(4) (five additional levels because defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor).

[3] Count One (receiving or distributing child pornography) carried a minimum mandatory sentence of fifteen years imprisonment. Count Two (possessing child pornography) carried a minimum mandatory sentence of ten years.

[4] Because Fitzgerald was convicted for sexually assaulting a child in 1984, the Presentence Report recommended assigning him 3 criminal history points, placing him in Criminal History Category II. However, at sentencing, Judge Chesler found that Fitzgerald's previous conviction should not be assigned any criminal history points because he was not satisfied by a preponderance of the evidence that the defendant engaged in any relevant conduct within 15 years of his release from prison. (App. 92).

imprisonment and 5 years supervised release. Fitzgerald was also ordered to pay a fine of $2,000 and a special assessment of $200.

## II.    Issues on Appeal

On appeal, Fitzgerald raises three issues:

1.    The District Court erred in applying a sentencing enhancement under U.S.S.G. § 2G2.2(b)(4) for a pattern of activity involving the sexual abuse or exploitation of a minor because there was insufficient temporal proximity between the prior offense and the current conduct to constitute a pattern.

2.    The District Court improperly applied United States v. Booker, 543 U.S. 220 (2005), by placing a "substantial focus" on the Sentencing Guidelines, rather than treating them as one of several factors to consider under 18 U.S.C. § 3553(a) before imposing a sentence.

3.    The sentence imposed by the District Court is unreasonable.

## III.    Discussion

### A.    "Pattern of Activity" Under 2G2.2(b)(4)

Fitzgerald claims the District Court erred in concluding that temporal proximity is not required to establish a "pattern of activity" under U.S.S.G. § 2G2.2(b)(4). (App. 74). In this case, the District Court relied upon Fitzgerald's conviction for sexual assault in 1984 consisting of two acts involving the same four-year-old boy, to support the "pattern of activity" sentencing enhancement. Fitzgerald contends that a twenty-year-old conviction for sexual assault is too remote in time and different in kind from the current

4

offense of distributing child pornography to qualify as a "pattern." Although the Guidelines do not explicitly require temporal proximity, Fitzgerald points out that remoteness of prior conduct is an important consideration in other areas of the law (i.e., RICO and the Federal Rules of Evidence) and in other sections of the Guidelines (i.e., the computation of criminal history under § 4A1.2(e)).

We agree with the government that the District Court's conclusions were not improper as a matter of law. Although this Court has yet to interpret § 2G2.2 in light of the 1996 amendments,[5] several other circuits have recognized that "remote" or "unrelated" instances of sexual misconduct can support a sentencing enhancement. See United States v. Woodward, 277 F.3d 87 (1st Cir. 2002) (upholding district court's consideration of a twenty-two year old conviction in applying "pattern of activity" sentencing enhancement); United States v. Gawthrop, 310 F.3d 405 (6th Cir. 2002) (finding that incidents of abuse which occurred eleven years apart "clearly" constitute a "pattern of activity"); United States v. Lovaas, 241 F.3d 900 (7th Cir. 2001) (approving district court's reliance upon "decades-old instances of sexual misconduct" in applying

---

[5] In 1996, the Commentary to § 2G2.2 was amended to define "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2 comment. (n.1) (1996). The Sentencing Commission has further explained that the "'pattern of activity' enhancement is broader than the scope of relevant conduct typically considered under § 1B1.3 (Relevant Conduct)." U.S. Sentencing Commission Guidelines Manual, App. C at 373.

enhancement); United States v. Ashley, 342 F.3d 850 (8th Cir. 2003) (concluding that the 1996 amendments unambiguously permit sentencing courts to consider offenses unrelated to the offense of conviction in applying the enhancement); United States v. Williamson, 439 F.3d 1125 (9th Cir. 2006) (holding that § 2G2.2(b)(4) allows courts to consider "expanded relevant conduct"); United States v. Anderton, 136 F.3d 747 (11th Cir. 1998) (per curiam) ("[T]he language of the clarifying amendment clearly permits an increased offense level for conduct unrelated to the offense of conviction.").

The government urges this Court to follow the approach adopted by the other circuits that have addressed this issue. Fitzgerald has not presented any convincing argument to the contrary. Under the overall circumstances of this case, we agree that the District Court did not err in applying a five-level enhancement pursuant to § 2G2.2(b)(4).

B.      Emphasis Placed on the Sentencing Guidelines by the District Court

Fitzgerald asserts that the District Court erred by placing a "substantial focus" on the Guidelines, and finding that it would only depart from a sentence within the Guidelines if the § 3553(a) factors were "compelling and strong." Fitzgerald contends that in light of Booker, district courts must give each of the § 3553(a) factors independent consideration, rather than assume that the factors have been adequately incorporated into the Guidelines range.

The District Judge treated the Guidelines as an "integral part" of the sentencing decision - an approach subsequently endorsed in United States v. Cooper, 437 F.3d 324 (2006), where we held that the Guidelines are an "essential tool" and "natural starting

6

point" for determining an appropriate sentence. Id. at 331. The District Judge stated:

> The starting point for any sentencing analysis is the Guideline calculation and ... Section 3553 factors which to any extent mitigate against imposing a sentence within the Guidelines should be compelling and strong before the Court should indeed depart from a sentence within the Guidelines because, as the U.S. Sentencing Commission has indicated, by and large, the factors that 3553 describes are largely taken into consideration in calculating what the Guideline sentencing range is.

(App. 131). We reject Fitzgerald's argument that this verbiage so substantially deviated from Booker and our holding in Cooper as to require a new sentencing hearing. Indeed, following Cooper, in United States v. Lloyd, 469 F.3d 319 (3d Cir. 2006), we held that a comment by the District Judge that the Guidelines deserve great weight was not inconsistent with Cooper.

We refuse to take the words "compelling and strong" (cited above) out of context. During the sentencing hearing, the District Judge carefully reviewed the facts of the offense and Fitzgerald's background. He thereafter deliberately considered all of the § 3553(a) factors, particularly the need for punishment and deterrence. Specifically, the District Judge found that Fitzgerald was a danger to the community, that the nature and circumstances of the offense are "horrendous," and that Fitzgerald "played an active, significant and continuing role in creating a market for photographs which could only be created by sexually abusing little children." (App. 132-33). Despite the fact that the District Judge sentenced Fitzgerald without the benefit of Cooper, he gave appropriate, but not presumptive, weight to the Guidelines range and the relevant sentencing factors.

7

In any event, even if the language quoted above were error, it did not control the District Judge's decision making. See United States v. Severino, 454 F.3d 206, 214 (3d Cir. 2006) (citing Cooper for the principle that "district judges issue sentencing decisions from the bench 'in spontaneous remarks' that are 'unlikely to be a perfect or complete statement of all of the surrounding law'") (internal citations omitted). In view of our conclusion below that the sentence was not unreasonable, (especially given the searching § 3353(a) analysis done by the District Judge), we reject Fitzgerald's argument that the language used by the District Judge was reversible error.

C.    Reasonableness of Fitzgerald's Sentence

Fitzgerald contends that the 144 months sentence imposed by the District Court is unreasonable because the court failed to take into account a number of mitigating circumstances such as his abusive childhood and significant cooperation with the government. Additionally, he claims that simply because his sentence falls within the advisory Guidelines range does not mean it is presumptively reasonable or that the District Court gave meaningful consideration to all of the § 3553(a) factors. We review an argument that a sentence is unreasonable under an abuse of discretion standard. Lloyd, 469 F.3d at 321. The party challenging the sentence bears the burden of establishing its unreasonableness. Cooper, 437 F.3d at 332.

We reject Fitzgerald's contention that his sentence was unreasonable. The transcript of the sentencing proceeding clearly shows that the District Court adequately considered all of the factors listed in § 3553(a) and imposed a reasonable sentence in light

8

of the nature of the crime, the need for deterrence and public protection, the mandatory minimums imposed by Congress for the charged crimes, and the downward departure granted for Fitzgerald's cooperation.  Thus, the sentence was not an abuse of discretion.

**IV.**     **Conclusion**

For the reasons stated above, we will affirm the judgment of sentence.