UNITED STATES of America

v.

Blanca Rosa RODRIGUEZ, Defendant.

No. EP–06–CR–1618–PRM–1.

United States District Court,
W.D. Texas,
El Paso Division.

Jan. 26, 2007.

Anne Teresa Berton, Federal Public Defender's Office, El Paso, TX, for Blanca Rosa Rodriguez.

Pedro J. Martin, Law Offices of Pedro Martin, El Paso, TX, for Baltazar Rodriguez-Ruiz.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO APPLICATION OF CROSS-REFERENCE PROVISION OF SENTENCING GUIDELINES

MARTINEZ, District Judge.

On this day, the Court considered Defendant Blanca Rosa Rodriguez's objection to the proposed use of U.S.S.G. § 2B1.1(c)(3) in determining her base offense level for purposes of her sentencing. Defendant argues that her base offense level should not be determined by cross-reference to another provision of the Sentencing Guidelines, U.S.S.G. § 2L1.1(a)(3), as the conduct charged in her indictment does not constitute conduct covered by that provision. The Court has considered the parties' briefing and oral arguments

presented at the sentencing hearing on January 24 and 25, 2007. After due consideration, the Court is of the opinion that Defendant's objection should be denied for the reasons set forth below.

Defendant was convicted of making a false statement in violation of 18 U.S.C. § 1001(a)(2), an offense that generally warrants a base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(2). That provision of the Sentencing Guidelines also provides that, in cases such as Defendant's, if "the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline." U.S.S.G. § 2B1.1(c)(3). The Presentence Investigation Report proposes applying this cross-reference provision and raising Defendant's base offense level to twelve, on the grounds that Defendant's conduct also constitutes an offense covered by U.S.S.G. § 2L1.1(a)(3), which applies to offenses of "Smuggling, Transporting, or Harboring an Unlawful Alien."

█ Defendant argues that a cross-reference to that provision is not warranted because the Court must consider only the conduct charged in the count of conviction in Defendant's indictment, and the conduct charged in the indictment fails to establish the elements necessary to constitute a violation of an offense covered by § 2L1.1(a)(3). The Court agrees that the cross-reference provision limits the Court's consideration to Defendant's indictment. While the Fifth Circuit has not addressed this issue, other circuits have adopted this limitation, allowing a district court to cross-reference another guideline provision "only if the conduct alleged in the count of the indictment of which the defendant is convicted establishes the elements of another offense." *United States v. Genao*, 343 F.3d 578, 583 (2d Cir.2003). *See also United States v. Bah*, 439 F.3d 423, 427 (8th Cir.2006) (adopting *Genao*); *United*

*States v. Kim*, 95 Fed.Appx. 857, 861–62 (9th Cir.2004) (providing that, in order for the cross-reference to apply, "the statutory element had to be established by the allegations of the indictment"). Therefore, to sentence Defendant pursuant to the cross-referenced level-twelve provision, the Court must be able to determine that the conduct described in the count of conviction in Defendant's indictment, standing alone, also constitutes a violation of an offense covered by § 2L1.1(a)(3).

After reviewing the count charged in Defendant's indictment, the Court is of the opinion that a violation of 8 U.S.C. § 1324(a)(1)(A)(iii), an offense scored under § 2L1.1(a)(3), has been adequately stated. Defendant's indictment charges that she:

did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in that Defendant, stated that the female passenger in the vehicle in which Defendant was also a passenger was her daughter and a United States citizen, when in truth and in fact, Defendant knew that the female passenger was not her daughter and a citizen of Mexico and that Defendant's false statement was an attempt to convince CBP Officer Elizardo Tavarez that the female passenger was a United States citizen, thus allowing the female passenger to enter the United States, in violation of Title 18, United States Code, Section 1001(a)(2).

Pursuant to 8 U.S.C. § 1324(a)(1)(A)(iii), it is an offense when a person,

knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation.

The Court will address the two basic elements of § 1324(a)(1)(A)(iii), a defendant's knowledge of the alien's status and a defendant's actions, in turn.

First, Defendant argues that the indictment does not charge her with the knowledge required to constitute a violation of § 1324(a)(1)(A)(iii). Defendant contends that the indictment states only that she knew that the female passenger was a citizen of Mexico and not her daughter, and that it cannot be inferred from the indictment that she knew or was in reckless disregard of the fact that the passenger had come to the United States in violation of law. In support of this argument, Defendant notes that many individuals are aliens to the United States, yet have legal authorization to enter the country.

The Court is of the opinion that the indictment sufficiently sets forth an allegation of the required knowledge. Defendant was charged with knowingly making a false statement regarding the passenger's citizenship and relationship with Defendant in "an attempt to convince CBP Officer Elizardo Tavarez that the female passenger was a United States citizen, thus allowing the female passenger to enter the United States." The Court understands the indictment to indicate that the passenger would gain entrance to the United States through Defendant's false statement, thus indicating that the passenger had in fact come to the United States in violation of law. Furthermore, the indictment alleges that in attempting to convince the law enforcement officer that the passenger had United States citizenship, Defendant's intention was to gain the passenger entrance into the country. In charging Defendant with acting with such an intent, the indictment indicates that Defendant had some awareness of the fact that the passenger did not already possess the ability to enter the United States. The Court is of the opinion that the indict-ment therefore alleges that the passenger had come to the United States unlawfully, and that the Defendant was at least in reckless disregard, if not full knowledge, of that fact, thus satisfying the knowledge requirement of § 1324(a)(1)(A)(iii).

Turning to Defendant's actions, the Court is of the opinion that the indictment adequately charges her with having shielded the alien from detection. Defendant was charged with having made a materially false statement regarding the passenger's citizenship and relationship with Defendant in order to convince a law enforcement official that the passenger was a United States citizen. In interpreting the elements of § 1324(a)(1)(A)(iii), the Fifth Circuit has held that shielding an alien does not require the use of physical barriers or an attempt to hide the alien. *United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir.1977). Rather, the court has held that a defendant may commit the offense by shielding the alien's status as an unlawful alien.

In *Cantu*, the Fifth Circuit held that a defendant had violated the predecessor statute to § 1324(a)(1)(A)(iii) by arranging for his alien employees to depart from his restaurant as though they were customers. *Id.* Even though the aliens walked through the restaurant's main door, in full view of law enforcement officials, the court stated that the defendant had nonetheless shielded the aliens from detection. *Id.* The court held that the use of the world "shield" in that provision must not mean simply "to hide," or else the provision's enumeration of "conceals . . . or shields from detection" would be redundant. *Id.* The Fifth Circuit subsequently upheld a conviction for shielding aliens from detection when a defendant had warned illegal aliens "in an attempt to prevent their being detected as illegal aliens by alerting them to flee so they would not be appre-

hended and their identity and illegal status would hence not be determined." *United States v. Rubio–Gonzalez,* 674 F.2d 1067, 1072 (5th Cir.1982). There the court stated that "[t]he suggestion that 'shield from detection' implies any requirement that a physical barrier of some kind be involved was clearly repudiated in *Cantu.*" *Id.* In the instant cause, Defendant made a materially false statement as to the female passenger's citizenship, in an attempt to convince a law enforcement official that the passenger was a United States citizen, thereby attempting to gain her admission into the United States. While Defendant did not physically conceal the passenger, she did attempt to shield her from detection.

For the reasons given above, the Court is of the opinion that the conduct charged in the count of conviction in Defendant's indictment adequately sets forth the offense of shielding an alien from detection, with knowledge or in reckless disregard of the fact that the alien had come to the United States in violation of law, an offense under 8 U.S.C. § 1324(a)(1)(A)(iii). Therefore, the Court will apply the cross-reference provision of U.S.S.G. § 2B1.1(c)(3) and treat Defendant's offense as one under U.S.S.G. § 2L1.1(a)(3) in determining her base offense level.

Accordingly, **IT IS ORDERED** that Defendant Blanca Rosa Rodriguez's objection is **OVERRULED.**