[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15827
Non-Argument Calendar

_____

D. C. Docket No. 07-20435-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS LUIS OCHOA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2008)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

A jury found Carlos Luis Ochoa guilty of making false statements, in

violation of 18 U.S.C. § 1001(a)(2). He received a 60-month sentence, which he now appeals.

Ochoa was a paid informant. He told task force agents for the Bureau of Alcohol, Tobacco, Firearms, and Explosives that two men, Tony Fernandez and Juan Carlos Rosa, were going to rob an armored truck at a Home Depot store in Pinecrest, Florida. Ochoa informed the agents that the would-be robbers wanted him to be their get-away driver. He gave the agents Fernandez and Rosa's phone numbers so that their conversations with Ochoa could be recorded. The agents also video taped a street corner meeting that Ochoa had with Rosa and another man named Carlos Chartrand. After the meeting, Ochoa told the agents that he had observed two Glock pistols in the black bag that Chartrand was carrying.

After speaking with Ochoa and listening to phone conversations that Ochoa had with Rosa, the agents believed that Rosa and Fernandez were preparing to go forward with the robbery without Ochoa. They stationed surveillance teams at two Home Depot parking lots. One of the surveillance teams saw Chartrand approaching, and he was carrying the same black bag that he had during the street corner meeting with Ochoa. An agent approached Chartrand and asked to see the contents of his bag. Chartrand was carrying a compact DVD player and some DVDs but no firearms.

Agents later arrested Rosa for solicitation of an armed robbery. Based on information provided by Rosa and inconsistencies in Ochoa's story, the agents concluded that they did not have cause to charge Rosa with attempted robbery. Instead, Ochoa was arrested and charged with providing false information to federal law enforcement officers. Count One of Ochoa's indictment alleged that he had falsely informed officers that a person was going to commit an armed robbery. Count two charged him with falsely informing officers that he had observed two firearms inside of a bag carried by another person. After a jury trial, Ochoa was acquitted on the first count and convicted on the second count.

It is undisputed that United States Sentencing Guidelines § 2B1.1(c)(3) (Nov. 2006) applies to Ochoa's offense of conviction. However, Ochoa contends for the first time on appeal that the district court erred by applying the cross-reference contained in U.S.S.G. § 2B1.1(c)(3) and calculating Ochoa's guideline range under U.S.S.G. § 2J1.2 for obstruction of justice. He argues that under the plain language of § 2B1.1(c)(3), the cross-reference can apply only if the conduct alleged in Count Two of his indictment (the count of conviction) establishes the elements of another offense. He relies on the "specifically covered" language of § 2B1.1(c)(3). See U.S.S.G. § 2B1.1(c)(3) (invoking the cross-reference when "the conduct set forth in the count of conviction establishes an offense specifically

3

covered by another guideline").  He asserts that he was not convicted of conduct

that is specifically covered under U.S.S.G. § 2J1.2.  Even under Ochoa's narrow

construction of the "specifically covered" language in § 2B1.1(c)(3), the district

court still did not plainly err in applying the cross-reference.

Section 2B1.1(c)(3) provides that when a defendant is convicted (like Ochoa

was) under 18 U.S.C. § 1001, another guideline will apply under some

circumstances:

> If (A) neither subdivision (1) nor (2) of this subsection applies;
> (B) the defendant was convicted under a statute proscribing
> false, fictitious, or fraudulent statements or representations
> generally (e.g., 18 U.S.C. § 1001, . . .); and (C) the conduct set
> forth in the count of conviction establishes an offense
> specifically covered by another guideline in Chapter Two
> (Offense Conduct), apply that other guideline.

U.S.S.G. § 2B1.1(c)(3).

Section 2B1.1 was amended in 2001, and U.S.S.G. § 2F1.1 was deleted by

consolidation with it.  See U.S.S.G. § 2F1.1 App. C, amend. 617 (Nov. 2002).  The

amendment created the "specifically covered" cross-reference in § 2B1.1(c)(3):

> The amendment includes a new cross reference (subsection
> (c)(3)) that is more generally applicable and intended to apply
> whenever a broadly applicable fraud statute is used to reach
> conduct that is addressed more specifically in another Chapter
> Two guideline.  Prior to this amendment, the fraud guideline
> contained an application note that instructed the user to move to
> another, more appropriate Chapter Two guideline, under
> specified circumstances.  Although this note was not a cross

4

reference, but rather a reminder of the principles enunciated in § 1B1.2, it operated like a cross reference in the sense that it required use of a different guideline.

Id.

The application note that had accompanied U.S.S.G. § 2F1.1 and that had "operated like a cross reference," U.S.S.G. § 2F1.1 App. C, amend. 617 (Nov. 2002), referred to an offense "more aptly covered by another guideline" rather than "specifically covered":

> Sometimes, offenses involving fraudulent statements are prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although the offense is also covered by a more specific statute. . . . Where the indictment or information setting forth the count of conviction . . . establishes an offense more aptly covered by another guideline, apply that guideline rather than § 2F1.1.

U.S.S.G. § 2F1.1 cmt. n.14 (Nov. 1998).

After the consolidation of § 2F1.1 with § 2B1.1, the background comments explained that the cross-reference provision in the amended guideline should reconcile the nature of the offender's conduct with the offense of conviction, which may be general and, therefore, "somewhat arbitrary":

> Because federal fraud statutes often are broadly written, a single pattern of offense conduct usually can be prosecuted under several code sections, as a result of which the offense of conviction may be somewhat arbitrary. Furthermore, most fraud statutes cover a broad range of conduct with extreme variation in severity. The

5

> specific offense characteristics and cross references contained in this guideline are designed with these considerations in mind.

U.S.S.G. § 2B1.1 cmt. background (Nov. 2002); <u>see also</u> U.S.S.G. § 2B1.1 cmt. background (Nov. 2006) (same).

Under the "specifically covered" amended version of § 2B1.1, the application notes continue to refer to "conduct that is more aptly covered by another guideline":

> Subsection (c)(3) provides a cross reference to another guideline in Chapter Two (Offense Conduct) in cases in which the defendant is convicted of a general fraud statute, and the count of conviction establishes an offense involving fraudulent conduct that is more aptly covered by another guideline. Sometimes, offenses involving fraudulent statements are prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although the offense involves fraudulent conduct that is also covered by a more specific statute.

U.S.S.G. § 2B1.1(c)(3) cmt. n.15 (Nov. 2006).

Applying U.S.S.G. § 2B1.1(c)(3), the district court adopted the recommendation in the presentence investigation report and calculated Ochoa's base offense level under the obstruction of justice guideline in U.S.S.G. § 2J1.2. Ochoa contends that the conduct alleged in Count Two of his indictment did not establish a violation of any of the obstruction of justice offenses that are "specifically covered" by § 2J1.2.

6

"[W]e review objections to sentencing calculation issues raised for the first time on appeal for plain error." United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). "This standard requires that there be error, that the error be plain, and that the error affect a substantial right." Id. "If these three conditions are met, then we may exercise our discretion to notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 832.

We have explained:

> As the name suggests, any plain error must be "plain." At a minimum, courts of appeals cannot correct an error pursuant to Rule 52(b) permitting plain error review unless the error is clear under current law. As we have repeatedly recognized, an error cannot meet the "plain" requirement of the plain error rule if it is not clear under current law. From that principle flows the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.

United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (citations, alterations, and quotation marks omitted); see also United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("In the absence of any controlling precedent, there is no plain error in this case."). Even if there were error here, it would not be plain because it would not be clear under current law. The explicit language of the cross-reference provision contained in § 2B1.1(c)(3) does not itself resolve the

7

issue that Ochoa has raised, and there is no controlling precedent from the Supreme Court or from this Court directly resolving it.

Ochoa relies on a decision from the Second Circuit concluding that when the "more aptly covered" language in U.S.S.G. § 2F1.1 cmt. n.14 (Nov. 1998) was changed to the "specifically covered" language in the amended version of § 2B1.1(c)(3), the amendment narrowed the application of the cross-reference. United States v. Genao, 343 F.3d 578, 584 (2d Cir. 2003). The Second Circuit held that "§ 2B1.1(c)(3) is applicable only if the elements of another offense are established by conduct set forth in the count of conviction (and proven by at least a preponderance of the evidence)." Id.; see also United States v. Bah, 439 F.3d 423, 427 (8th Cir. 2006) (applying that rule from Genao). Genao is not a decision from the Supreme Court or this Court; therefore, it cannot establish that the district court plainly erred by applying the cross-reference in § 2B1.1(c)(3). See Chao, 426 F.3d at 1322; see also Lejarde-Rada, 319 F.3d at 1291.

**AFFIRMED.**