# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1977

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brion Adam Carey

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: March 15, 2021
Filed: May 17, 2021
[Unpublished]

——————————

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

In 2019, a jury convicted Brion Carey of two counts of transporting child pornography, 18 U.S.C. § 2252A(a)(1), and one count of accessing a device with the

intent to view child pornography, id. § 2252A(a)(5)(B). The district court[1] sentenced him to 180 months' imprisonment. He now appeals his sentence.

Carey challenges the district court's application of a five-level sentencing enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." United States Sentencing Commission, *Guidelines Manual*, § 2G2.2(b)(5) (Nov. 2018). We review the district court's factual findings for clear error and its application of the Guidelines de novo. United States v. Cannon, 703 F.3d 407, 415 (8th Cir. 2013). "The government bears the burden of proving an enhancement applies by a preponderance of the evidence." United States v. Ford, 987 F.3d 1210, 1214 (8th Cir. 2021).

For certain offenses involving child pornography, a five-level sentencing enhancement applies "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG § 2G2.2(b)(5). The commentary for this Guideline defines a "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." Id. § 2G2.2 comment. (n.1); see also United States v. Ashley, 342 F.3d 850, 852 (8th Cir. 2003). "Sexual abuse or exploitation" includes "conduct described in" an enumerated list of federal offenses (including the production of child pornography) and "an offense under state law, that would have been an offense under [the list of federal offenses]" had it fallen within federal jurisdiction. USSG § 2G2.2 comment. (n.1). The definition of "sexual abuse or exploitation" expressly excludes "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." Id.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Here, the record shows that in 2004 Carey was charged with multiple state offenses based on his production and storage of pornographic videos involving minors. The government also provided documents related to these charges, including the affidavit of probable cause, which contains statements Carey made at the time of his arrest admitting to filming minors—statements Carey did not deny at sentencing. Based on these documents, the district court found that on two separate occasions Carey filmed a sixteen-year-old engaged in "sexually explicit conduct." This finding was not clearly erroneous. And it is sufficient to establish by a preponderance of the evidence that Carey twice produced child pornography as that offense is defined in 18 U.S.C. § 2251(a). See 8th Cir. Model Crim. Jury Instr. § 6.18.2251(a) (2017) (outlining the elements of § 2251(a)). Because production of child pornography is among the offenses listed in the relevant Guidelines definition of "sexual abuse or exploitation of a minor," see USSG § 2G2.2 comment. (n.1), the district court did not err in applying the five-level sentencing enhancement pursuant to § 2G2.2(b)(5) when calculating Carey's offense level.

We affirm the judgment of the district court.

_____