# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2782

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Louis Sayles, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 17, 2012
Filed: March 28, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Louis Sayles pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court applied United States Sentencing Guidelines § 2K2.1(a)(4)(A) to determine a base offense level and found a prior conviction for manslaughter qualified as a "crime of violence." Sayles challenged this determination, arguing that the *mens rea* for the earlier manslaughter conviction was recklessness and that the offense did not qualify as a crime of violence. The district court rejected Sayles's challenge and found the advisory Guidelines range to be thirty to thirty-seven months. Had the court not found the prior offense to be a crime of violence, the advisory Guidelines range

would have been fifteen to twenty-one months. The court imposed a sentence of thirty months' imprisonment and held in the alternative that, even if the prior manslaughter conviction did not qualify as a crime of violence, an upward variance to thirty months' incarceration would be appropriate in this case.

Sayles appeals, arguing the prior manslaughter conviction does not qualify as a crime of violence. He also argues the district court committed procedural error in its alternative holding. Specifically, Sayles argues that the district court failed to make necessary factual findings to support the upward variance and that, in any event, the record could not support such findings.

We affirm the judgment of the district court based upon the district court's alternative holding. Even assuming the crime-of-violence determination involved error, any such error was harmless in light of the district court's alternative rationale involving a permissible variance.

I.

Shortly after Sayles was convicted for manslaughter, officers stopped him and discovered a concealed semiautomatic pistol loaded with ten rounds of ammunition. Sayles told officers he feared reprisals from the family of the manslaughter victim and was carrying the pistol for protection. Sayles eventually pleaded guilty to being a felon in possession of a firearm.

The presentence investigation report for this case, at paragraph twenty-eight, contains two competing accounts of the facts underlying Sayles's prior state conviction for manslaughter. One of the accounts is described as a statement from Sayles to officials around the time of the prior offense. The other is described as a statement from a juvenile co-defendant involved in the prior offense. Neither Sayles nor the government objected to this paragraph. Both accounts describe Sayles and

the juvenile meeting with the eventual victim and the juvenile shooting the victim in the head. The juvenile's account of the facts describes Sayles and the juvenile as meeting with the victim in order to purchase drugs for Sayles. The other version, Sayles's account of the facts, describes the juvenile as intending to rob the victim with Sayles accompanying the juvenile for protection.[1]

At the sentencing hearing in the present case, the district court heard arguments as to whether the prior manslaughter conviction qualified as a conviction for a crime of violence. The court also explained that it was interested more broadly in the facts of the prior offense as material to the application of 18 U.S.C. § 3553(a). Ultimately, the court held the prior offense was a crime of violence. In addition, the court stated:

---

[1]The text of paragraph 28, in relevant part, is as follows:

On August 10, 2009, . . . officers . . . located a victim who had been shot in the head and killed. . . . [T]he juvenile admitted being at the scene of the incident. The juvenile states that he and his cousin, Sayles, went to meet the victim so that Sayles could buy a stick of PCP. During the transaction, the victim became hostile and the juvenile pulled a revolver from a backpack and pointed it at the victim. The victim slapped the weapon away, at which time, the juvenile shot the firearm, hitting the victim in the head. The juvenile stated that it was self-defense as the victim was high on drugs and was threatening he [sic] and Sayles. The juvenile stated that the firearm belonged to Sayles, who got rid of it after the incident.

. . . Sayles was interviewed and stated that a third party had told the above juvenile to go and rob the victim. Sayles stated that he went along with the juvenile to "make sure he was okay." Sayles stated that the juvenile told the victim to "give up his stuff," and when the victim did not comply, the juvenile shot him in the head. Sayles stated that the weapon belonged to the juvenile and that he (Sayles) never touched the weapon.

The facts that do not seem to be in dispute are that another juvenile was shot by the, I guess it's cousin of Mr. Sayles, and that Mr. Sayles accompanied the cousin and that the purpose on the two versions, one might be that it was for, he accompanied for a robbery, and the other – a robbery not suggested by Mr. Sayles, but that Mr. Sayles knew about. And the other theory would be that the purpose was to buy drugs for Mr. Sayles.

The court then imposed the thirty-month sentence at the bottom of the advisory Guidelines range and stated, "[I]f I did not do that, . . . I would have used a variance if necessary to impose a sentence that is based on the, what I view as the factual background of the criminal history, . . . I would be relying on the facts rather than on some category in imposing sentence." The district court made clear that it did not believe itself to be imposing a sentence in the present case based upon a view that the sentencing court in the earlier manslaughter case had been too lenient. The district court also noted that it believed Sayles's assertion that he was carrying the gun for protection. The court concluded:

A 30-month sentence seems to me to be quite adequate for purposes of deterrence and punishment for the seriousness of the misconduct. . . . Accepting the idea that the possession of the firearm was for protective purposes because, apparently because the family of the victim he was afraid was out to get him, that does somewhat color the culpability here. But the law needs to be followed, and that is that even people who are fearful of violence and who have a felony conviction must be disciplined to the extent of not being armed. Whether that takes moving someplace else if there's a blood feud going on or otherwise, it does not justify getting set up for a gun battle.

On appeal, Sayles challenges the crime-of-violence determination. He also alleges procedural error surrounding the court's alternative basis for the thirty-month sentence. We interpret his arguments as also asserting a challenge to the substantive reasonableness of the sentence.

## II.

We review the district court's factual determinations at sentencing for clear error and its application of the Guidelines de novo. United States v. Williams, 627 F.3d 324, 327 (8th Cir. 2010). We review the substantive reasonableness of the overall sentence under an abuse of discretion standard. Id. We have held that it is permissible for sentencing courts to offer alternative explanations for their sentencing decisions and that, in some circumstances, such explanations may serve to prove other identified sentencing errors harmless. See United States v. Straw, 616 F.3d 737, 742–43 (8th Cir. 2010) ("Where the record clearly . . . show[s] not only that the district court intended to provide an alternative sentence, but also that the alternative sentence is based on an identifiable, correctly calculated guidelines range, any error in applying an enhancement for number of victims is harmless." (internal citations and quotations omitted)). In general, we have found harmless sentencing error when a court specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding. See Id. ("Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence."); cf. United States v. Bah, 439 F.3d 423, 431–32 (8th Cir. 2008) (holding that an alternative sentence did not make a Guidelines error harmless where the alternative sentence is pronounced as a blanket cure for any Guidelines errors and without reference to a specific potential error such that a reviewing court cannot determine the Guidelines range used in alternative sentence).

Here, even assuming the crime-of-violence determination involved error, any such error was harmless. The district court clearly identified the contested crime-of-violence issue, sought and discussed facts as necessary to support its broader sentencing decision, and adequately explained its overall sentence applying 18 U.S.C. § 3553(a).

Sayles argues primarily that paragraph twenty-eight cannot serve as factual support for the district court's alternative holding because it is internally inconsistent and because the district court did not make a detailed factual finding as to which of the two competing versions of the prior offense it credited as trustworthy. Sayles also argues no such finding could be made because any choice between the two would amount to impermissible speculation.

We disagree. The district court clearly explained what it perceived as the common facts within the two scenarios described in paragraph twenty-eight of the report. Sayles did not object to this paragraph of the report, and, in general, unobjected-to factual assertions in a presentencing report may be used to support factual findings under the preponderance of the evidence standard at sentencing. See United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) ("In determining whether the Government has met its burden, the district court 'may accept any undisputed portion of the [PSR] as a finding of fact.'" (quoting Fed. R. Crim. P. 32(i)(3)(A))).

This case involves a slight twist on the normal use of presentence reports to establish facts because paragraph twenty-eight does not purport to describe the actual facts of the prior offense. It merely describes the two conflicting accounts of the facts surrounding the prior offense as provided by Sayles and the juvenile co-defendant. Further, these two reports are only partially consistent with one another. Sayles, then, did not admit to all of the facts of the underlying offense by failing to object to paragraph twenty-eight. Rather, he merely admitted that he and the juvenile co-defendant in the earlier homicide case had, at an earlier time, given the statements as described in paragraph twenty-eight.

We do not believe, however, that this unique situation nor the limited nature of the concession resulting from Sayles's failure to object to paragraph twenty-eight undermine the district court's ruling. The two partially consistent reports are valid

bases for the district court to make sentencing-related findings, and they do not exist in a vacuum. Rather, they buttress the proof of the elements of the homicide offense as already established beyond a reasonable doubt by the fact of Sayles's manslaughter conviction.

Faced with this evidence, the district court distilled paragraph twenty-eight and relied upon the common facts between the two accounts of the shooting when applying 18 U.S.C. § 3553(a). The court stated that, where the reports differed, the difference was immaterial to the weight to be accorded at sentencing for the § 922(g)(1) conviction. Regardless of whether Sayles had accompanied the armed juvenile for protection during a robbery or to obtain drugs for himself, he had accompanied an armed person to participate in illegal activity of a sort that easily could escalate into violence.

Nothing in the district court's assessment of the record amounted to a clearly erroneous factual determination, we find no procedural error, and the district court did not abuse its discretion in applying an upward variance to impose the thirty-month sentence. The court was clearly troubled that, given the facts surrounding the prior conviction, Sayles had proceeded to "set up for a gun battle." Because the district court's alternative basis for the sentence is sound, any purported error in the crime-of-violence determination is harmless.

We affirm the judgment of the district court.

————————————————