# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3076

_____

United States of America

*Plaintiff - Appellee*

v.

Krothopis Thompson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 11, 2012
Filed: August 8, 2012

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Krothopis Thompson appeals the sentence he received after pleading guilty to one count of possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He committed his offense prior to passage of the Fair Sentencing Act of 2010, 124 Stat. 2372 ("the Act"), but was indicted, pleaded guilty, and was sentenced after the Act's passage. He argued at sentencing that he

should be sentenced in accordance with the Act and that his advisory Guidelines range should be 37 to 46 months' imprisonment with no mandatory minimum. The district court, following our precedent, United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011), held the Act did not apply to Thompson. As such, the court imposed a 60-month mandatory minimum term of incarceration and a 4-year mandatory minimum term of supervised release.

The court held in the alternative that, even if the Supreme Court were to determine the Act applied to defendants in Thompson's position, the court would vary upward from the lower advisory Guidelines range and impose the same 60-month term of incarceration based upon the factors of 18 U.S.C. § 3553(a). The court provided an explanation of why it believed the alternative term of incarceration to be appropriate even under the Act. The court made no comment regarding an alternative term of supervised release.

Subsequent to Thompson's sentencing, the Supreme Court abrogated our precedent, finding the Act applicable to defendants in Thompson's position. See Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012) (holding that the Act applies where the defendant committed the crime before, but was sentenced after, the Act went into effect). We have recognized this abrogation. See United States v. Gamble, 683 F.3d 932, 933 (8th Cir. 2012). Accordingly, we must review Thompson's alternative sentence. Thompson argues the district court erred by failing to adequately explain the alternative sentence, failing to provide notice of an intent to vary, failing to provide opportunity to argue against a variance, and imposing a substantively unreasonable sentence.

We affirm as to the imposition of the alternative 60-month term of incarceration which is neither unreasonable nor unsupported by adequate explanation. In discussing the alternative term of incarceration, the district court stated:

I would say that even if it should be found in the future that the Court should have applied retroactively the Fair Sentencing Act of 2010, I would still find that a sentence of 60 months is the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing for the following reasons: He has several unscored criminal history points . . . which indicates that his criminal history score of III does not take into consideration all of his criminal history. I would also note the aggravating factor in this case where he's in a motor vehicle with a 7-year-old child with a load of dope. And I think all of those are aggravating factors sufficient to justify a 60-month sentence, even if it were not the mandatory minimum.

Our precedent requires that, when pronouncing an alternative sentence in anticipation of a possible error or retroactive change in the governing legal framework, a sentencing court must "identif[y] the contested issue and potentially erroneous ruling, set[] forth an alternative holding supported by the law and the record in the case, and adequately explain[] its alternative holding." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012). Here, the district court's discussion of the reasons for its alternative sentence satisfy these requirements. In addition, we have rejected the notice-type arguments Thompson raises in the context of variances. See United States v. Foy, 617 F.3d 1029, 1035 (8th Cir. 2010) (stating district courts are not required to provide advance notice of their intent to vary upwardly).[1]

---

[1]Nothing about this general rule concerning notice should discourage the cautionary provision of such notice. As we recognized in Foy:

The Supreme Court has recognized that "there will be some cases in which the factual basis for a particular sentence will come as a surprise to a defendant or the Government." In those cases, "[t]he more appropriate response" is for the district court "to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial."

617 F.3d at 1035 (quoting Irizarry v. United States, 553 U.S. 708, 715–16 (2008)).

We reverse and remand, however, for reconsideration of the term of supervised release. Supervised release is an important part of a criminal sentence. See, e.g., United States v. Nicklas, 623 F.3d 1175, 1179 (8th Cir. 2010) ("'[A] period of supervised release . . . might be especially important in circumstances . . . where [a defendant's] failure to recognize the seriousness of her conduct suggests that she may pose a substantial threat of reoffending if set free.'" (quoting United States v. White, 620 F.3d 401, 430 (4th Cir. 2010) (Niemeyer, J., dissenting))). Like an alternative term of incarceration, an alternative term of supervised release requires express explanation on the record of its propriety both with and without the anticipated and underlying change in the legal landscape.

We affirm in part, reverse in part, and remand for further proceedings not inconsistent with this opinion.

_____