# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3493

_____

United States of America

*Plaintiff - Appellee*

v.

Nickolas Richard Beck

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 8, 2013
Filed: May 29, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

When Gregory White attempted to rob Nickolas Beck during a drug deal, Beck shot White in the head, chest, and abdomen with a firearm whose serial number was not legible. Beck eventually pleaded guilty to being a felon in possession of a

firearm, and the District Court[1] sentenced him to the statutory maximum term of 120 months in prison. See 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On appeal, Beck argues that the court committed both procedural and substantive sentencing error. We affirm.

Beck first argues that the District Court erred by applying a four-level enhancement under § 2K2.1 of the U.S. Sentencing Guidelines Manual for possession of a firearm with an altered or obliterated serial number. Because any such error was harmless, we reject Beck's argument.

Although improperly calculating a defendant's Guidelines sentencing range constitutes "significant procedural error," Gall v. United States, 552 U.S. 38, 51 (2007), such an error is harmless if the court would have imposed the same sentence regardless of the Guidelines range, United States v. Staples, 410 F.3d 484, 492 (8th Cir. 2005); see also United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008) (collecting cases), cert. denied, 129 S. Ct. 2736 (2009). We have held that when a district court pronounces an alternative sentence in case of a possible sentencing error, the court must "identif[y] the contested issue and potentially erroneous ruling, set[] forth an alternative holding supported by the law and the record in the case, and adequately explain[] its alternative holding." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012); see also United States v. Thompson, 687 F.3d 1094, 1096 (8th Cir. 2012).

Here, the District Court did all that was required. The court was aware of Beck's objections to the four-level enhancement, specifically stated that it "would have given the statutory maximum" "[w]hether or not there was a four-level enhancement," and explained at length that the sentence imposed was reasonable

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

because the underlying shooting incident was "so incredibly aggravating that it would outweigh all of the mitigating factors." Sent. Tr. at 54. Unlike in cases in which we have rejected arguments of harmless error, in this case, the District Court did not simply make a "blanket statement" that the sentence was "'fair,'" United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007), in an effort to "cover any and all potential guidelines calculation errors," United States v. Bah, 439 F.3d 423, 431 (8th Cir. 2006). Thus, any error in applying the four-level enhancement was harmless.

Beck next argues that the District Court clearly erred by "rejecting the uncontested fact" that he acted in self-defense in the underlying shooting incident. Br. of Appellant at 25. We disagree with Beck's characterization of the court's comments. The court did not make a formal finding regarding the issue of self-defense; it merely relied on the uncontested description of the underlying shooting incident as detailed in the PSR. According to the PSR, Beck shot White "in his head, chest, and abdomen"; White was "taken to a local hospital and later airlifted to Des Moines, Iowa, due to the severity of his wounds"; and Beck "admitted that he carried the firearm [used to shoot White] for protection when buying drugs." PSR ¶¶ 4 & 5. Any remarks made by the court regarding whether this incident constituted self-defense were made during the court's consideration of whether Beck should be required to pay restitution to the shooting victim—*after* the court had imposed Beck's sentence. Only then did the court express some doubt about the PSR's characterization of the underlying shooting incident as self-defense. Moreover, during his allocution, Beck refuted the PSR's statement that White was not a victim because Beck shot him in self-defense. See PSR ¶ 7. Instead, Beck stated, "I know in the PS[R] it says Gregory White is not a victim, but I still feel that he is. Because of me someone almost–almost lost his life." Sent. Tr. at 42. We discern no error in the court's consideration of the circumstances surrounding the underlying shooting incident in determining Beck's sentence.

Finally, Beck argues that his sentence is substantively unreasonable. We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51. An abuse of discretion occurs when the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Moore, 565 F.3d 435, 438 (8th Cir. 2009) (citations to quoted cases omitted).

Here, the District Court stated its reasons for the sentence handed down after considering the 18 U.S.C. § 3553(a) factors. We have frequently noted that a sentencing court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir.2009). The court's decision here to balance the mitigating factors of Beck's age and psychological condition against the "extraordinary set of facts" and "incredible violence" involved in the underlying shooting incident is well within the court's considerable discretion. Sent. Tr. at 4. We find no basis for concluding that Beck's sentence was substantively unreasonable.

We affirm the judgment of the District Court.

_____