# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3059

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Jack Stanberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: April 8, 2013
Filed: May 29, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jeremy Stanberg pleaded guilty to conspiring to distribute over 500 grams of a mixture containing methamphetamine or over 50 grams of pure methamphetamine,

and the District Court[1] sentenced him to 188 months in prison. On appeal, Stanberg argues that the District Court erred in its drug-quantity calculation. Because any such error was harmless, we affirm.

During 2011, Stanberg purchased high-grade methamphetamine from two coconspirators and distributed the drugs in Fort Dodge, Iowa. The presentence investigation report (PSR) estimated that over the course of the conspiracy, Stanberg purchased 4,334.72 grams of "methamphetamine" and 120.49 grams of "actual (pure) methamphetamine," which resulted in a base-offense level of 36 under § 2D1.1(c)(2) of the U.S. Sentencing Guidelines Manual. PSR ¶¶ 4–8. After taking into account Stanberg's criminal history score and a three-level reduction for acceptance of responsibility, the PSR recommended an advisory Guidelines sentencing range of 188 to 235 months.

Stanberg objected to the PSR's drug-quantity calculation, specifically arguing that paragraph 7 overstated the amount of methamphetamine he received from a coconspirator from September to December 2011. Paragraph 7 of the PSR attributed approximately 3.8 kilograms of methamphetamine to Stanberg, but he argued that the amount should have been only 1 kilogram. Thus, according to Stanberg, his base-offense level should have been 34, not 36, which, when combined with his criminal history score and the reduction for acceptance of responsibility, should have resulted in a Guidelines sentencing range of 151 to 188 months. The government conceded that Stanberg may have personally received only 1 kilogram of methamphetamine from September to December 2011 but argued that Stanberg's base-offense level was still 36 based on the overall purity levels of the methamphetamine involved and the PSR's generally conservative drug-quantity calculations. The government also argued that because base-offense levels 34 and 36 overlapped at 188 months in

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Stanberg's case, the court could impose that overlap sentence regardless of the drug-quantity determination. The government then presented the testimony of a law-enforcement officer involved in the conspiracy investigation, who described in detail the amounts and the purity of the methamphetamine distributed by Stanberg and his coconspirators.

The District Court heard this testimony and argument from both attorneys, overruled Stanberg's objections, and concluded that the PSR "correctly scored" the quantity and purity of the drugs attributable to Stanberg, that the appropriate base-offense level was 36, and that the Guidelines sentencing range was 188 to 235 months. Sent. Tr. at 19. After considering all of the § 3553(a) factors and specifically noting Stanberg's "history of assaultive, fraudulent, and theft-related criminal conduct"; his "history of methamphetamine-related criminal conduct"; his lack of "respect for the law"; his "history of being noncompliant while . . . subject to correctional supervision"; and his failure to take advantage of available treatment opportunities, the court sentenced Stanberg to 188 months' imprisonment—a sentence that it concluded was "sufficient but not greater than necessary to achieve the goals of sentencing." Id. at 27, 28–29. Notably, at the close of the sentencing hearing, the government queried, "I think these are overlapping guideline ranges. Is 188 months the sentence the Court would have reached even if it were the lower drug quantity, or were you making that finding?" Id. at 33. The court replied, "No. As I said, I found the sentence that was sufficient but not greater than necessary is 188 months *regardless of what the guideline score came out*." Id. (emphasis added).

On appeal, Stanberg argues that the District Court erred in overruling his objection to the drug-quantity determination in paragraph 7 of the PSR and that his base-offense level should have been 34 instead of the 36 ultimately determined by the court. We need not decide whether Stanberg's drug-quantity objection should have been sustained because any error in calculating Stanberg's sentence was harmless.

Improperly calculating a defendant's Guidelines sentencing range constitutes "significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). Such an error is harmless, however, if the court was aware that an alternative Guidelines range could apply but "would have given the defendant the same sentence regardless of which guidelines range applied." United States v. Staples, 410 F.3d 484, 492 (8th Cir. 2005); see also United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008) (collecting cases), cert. denied, 129 S. Ct. 2736 (2009). We have held that when a district court pronounces an alternative sentence in anticipation of a possible sentencing error, the court must "identif[y] the contested issue and potentially erroneous ruling, set[] forth an alternative holding supported by the law and the record in the case, and adequately explain[] its alternative holding." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012); see also United States v. Thompson, 687 F.3d 1094, 1096 (8th Cir. 2012).

Here, the District Court sentenced Stanberg to 188 months' imprisonment and in response to the government's inquiry about the drug-quantity finding and its effect on the sentencing determination, specifically stated that it had not made the quantity finding urged by Stanberg. The court noted that the 188-month sentence "was sufficient but not greater than necessary," regardless of the PSR's drug-quantity and base-offense-level calculations. Sent. Tr. at 33. Unlike in cases in which we have rejected arguments of harmless error, in this case, the District Court did not simply make a "blanket statement" that the sentence was "'fair,'" United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007), in an effort to "cover any and all potential guidelines calculation errors," United States v. Bah, 439 F.3d 423, 431 (8th Cir. 2006). The District Court heard the parties' arguments regarding drug quantity and the resulting base-offense level, and the court rejected the precise argument raised by Stanberg on appeal. Based on the record as a whole, we are confident that the court would have given Stanberg the same sentence regardless of the drug quantity assigned in paragraph 7 of the PSR and whether his base-offense level was 36 or 34.

Moreover, we note that "'[i]f the sentence imposed falls within the guideline range urged by the appellant and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed,' there can be no reversible error in the sentence." United States v. Harris, 390 F.3d 572, 573 (8th Cir. 2004) (quoting United States v. Simpkins, 953 F.2d 443, 446 (8th Cir.), cert. denied, 504 U.S. 928 (1992)). The 188-month sentence imposed by the District Court here represents the point at which the Guidelines ranges for base-offense levels 36 and 34 overlapped, and the court stated that it would have imposed the same 188-month sentence "regardless of . . . the guideline score." Sent. Tr. at 33. For this reason, too, we find no reversible error in the court's sentencing decision.

Accordingly, we affirm the judgment of the District Court.

_____