# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2237

_____

United States of America

*Plaintiff - Appellee*

v.

Damon O'Neil

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 12, 2013
Filed: January 3, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court. O'Neil was charged with conspiracy to distribute at least 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). At trial, however, the jury convicted O'Neil of an offense involving more than 28 grams but less than 280 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B), which carries the lesser

penalty of five to forty years imprisonment. Nonetheless, the district court found at sentencing O'Neil had conspired to distribute over 280 grams of cocaine base, specifically 2.5 kilograms of cocaine base. Based on this finding and O'Neil's two prior drug convictions, the district court concluded 21 U.S.C. § 841(b)(1)(A) required a sentence of mandatory life imprisonment. On appeal, we affirmed the sentence, noting that even without the district court's cocaine finding, O'Neil also faced a possible life sentence under 21 U.S.C. § 841(b)(1)(B), which permits a maximum life imprisonment term for a defendant with a prior drug conviction who is convicted of an offense involving 28 grams or more of cocaine base.

O'Neil filed a petition for writ of certiorari. On October 7, 2013, the Supreme Court granted certiorari, vacated our judgment, and remanded for reconsideration in light of Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013). In Alleyne, the Supreme Court held the Sixth Amendment of the United States Constitution requires a jury to find beyond a reasonable doubt any fact which increases a mandatory minimum sentence. Id. at 2155.

Alleyne compels us to vacate O'Neil's sentence and remand this case to the district court so he may be resentenced. At trial, the jury found O'Neil was responsible for at least 28 grams but less than 280 grams of cocaine base. The district court, however, found by a preponderance of the evidence O'Neil was responsible for 2.5 kilograms of cocaine base, which increased the mandatory minimum sentence applicable to him. Thus, because the jury did not find beyond a reasonable doubt O'Neil was responsible for more than 280 grams of cocaine base, his sentence runs counter to the command of Alleyne.

Although, in our previous opinion, we noted a maximum life sentence was permissible under 21 U.S.C. § 841(b)(1)(B), such a sentence was not mandatory. At sentencing, the district court noted O'Neil had a guidelines range of 360 months to life imprisonment. However, because of its finding regarding the amount of cocaine

base, the district court believed O'Neil was subject to a mandatory sentence of life imprisonment, noting it did not have any discretion to impose a different sentence. The district court did not provide an alternative holding for its sentence, and, in fact, suggested it would have imposed a different sentence if it had discretion to do so. Thus, such error was not harmless. See United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012).

Therefore, we vacate O'Neil's sentence and remand so the district court can resentence him in accordance with Alleyne.

_____