# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3702

_____

United States of America,

*Plaintiff - Appellee,*

v.

Virgil L. Hubbard, Sr., also known as OG,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: September 12, 2014
Filed: January 12, 2015
[Unpublished]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Virgil L. Hubbard, Sr. pleaded guilty to distributing heroin near a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. The district court[1]

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced Hubbard to 150 months' imprisonment. Hubbard appeals his sentence, arguing that the district court erred by departing upward under § 5K2.2 of the advisory sentencing guidelines on the ground that Hubbard's offense resulted in "significant physical injury." We affirm.

Hubbard admitted that he distributed heroin between 2011 and 2013 in the area of Dubuque, Iowa. Two incidents arising from that distribution gave rise to the district court's consideration of an upward departure under § 5K2.2.

On December 24, 2012, Logan Ball purchased a quantity of heroin from Hubbard, at least a portion of which he then provided to Andrew Leliefeld. Later that evening, Leliefeld took the heroin to the residence of a friend, J.W. J.W. injected the heroin and immediately lost consciousness. Paramedics revived J.W. by injecting him with Naloxone, an opiate antidote. J.W. experienced stroke-like symptoms two days later, and returned to the hospital for further examination.

On June 5, 2013, Hubbard distributed 0.8 grams of heroin to another customer, M.V. Unbeknownst to Hubbard, M.V. intended to commit suicide by injecting a lethal dose of the heroin. After injecting the heroin, M.V. immediately lost consciousness. Paramedics revived M.V. by injecting him with Naloxone.

Dr. Joshua Pruitt, a Deputy Medical Examiner in Linn County, Iowa, testified at Hubbard's sentencing hearing that both J.W. and M.V. had suffered heroin overdoses. Dr. Pruitt further testified that the condition in which J.W. and M.V. were found required immediate medical intervention to prevent death or long-term injury.

The government recommended an upward departure based on USSG § 5K2.2. Section 5K2.2 provides that "[i]f significant physical injury resulted, the court may increase the sentence above the authorized guideline range." The district court, over Hubbard's objection, departed upward by three offense levels based on § 5K2.2. The

court found that J.W. and M.V. were "significantly physically injured as a result of defendant's distribution of heroin." The court then stated: "If the Eighth Circuit Court of Appeals does not agree with my interpretation of 5K2.2, then I would vary upward to the same level to reflect that defendant's heroin distribution resulted in an injury involving a substantial risk of death that did require medical intervention and that this would be a factor not covered by the guidelines that should come into play in the analysis of the 3553(a) factors under Title 18."

With the upward departure, the district court calculated Hubbard's total offense level at 27. Based on a criminal history category of VI, Hubbard's advisory guideline range was 130-162 months. The district court then sentenced Hubbard to 150 months' imprisonment.

On appeal, Hubbard argues that the district court committed procedural error by departing upward under § 5K2.2. He argues that an upward departure was not warranted, because although Dr. Pruitt testified that heroin usage was a but-for cause of injuries to J.W. and M.V., these injuries were not foreseeable to Hubbard. He also contends that J.W. and M.V. did not suffer "significant physical injury" within the meaning of § 5K2.2.

It is unnecessary to decide the issues raised by Hubbard, because any potential error by the district court in departing upward pursuant to § 5K2.2 was harmless. The district court stated clearly that whether or not a departure was authorized under the advisory guidelines, the court would have imposed the same sentence based on its statutory authority under 18 U.S.C. § 3553(a). "In general, we have found harmless sentencing error when a court specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding." *United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012). Here, the district court clearly identified the contested issue, discussed facts as necessary to support its alternative

sentencing decision under § 3553(a), and adequately explained the sentence. Whether or not the injuries to J.W. and M.V. were "foreseeable" to Hubbard or qualified as "significant," the district court was authorized under § 3553(a) to give weight to the fact that Hubbard's distribution of heroin was a but-for cause of episodes in which two persons required emergency medical attention to avoid death or permanent injury. Under the circumstances here, any potential error in applying § 5K2.2 was harmless. *See United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____