# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2076

_____

United States of America

*Plaintiff - Appellee*

v.

Jairo Lemus-Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 14, 2014
Filed: February 25, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jairo Lemus-Garcia pleaded guilty to illegal re-entry into the United States following a felony conviction. *See* 8 U.S.C. § 1326(a), (b)(1). The district court[1]

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

sentenced Lemus-Garcia to 27 months' imprisonment.  Lemus-Garcia appeals this sentence, and we affirm.

In 2011, Lemus-Garcia, a citizen of Guatemala, was convicted of one felony count of terroristic threats, Neb. Rev. Stat. § 28-311.01, and one count of domestic assault, Neb. Rev. Stat. § 28-323.  These convictions arose from an incident where Lemus-Garcia attacked his then girlfriend.  Lemus-Garcia drove her to a remote location, hit her repeatedly, and threatened to kill her.  Lemus-Garcia and the victim then returned home where he forced the victim into the bedroom and had sex with her. Lemus-Garcia was deported from the United States following these convictions. In November 2013, Lemus-Garcia was arrested for traffic misdemeanors in North Platte, Nebraska. A fingerprint inquiry identified Lemus-Garcia, and a records search revealed his deportation and criminal history.

After law-enforcement officials identified Lemus-Garcia, he was charged with and pleaded guilty to illegal re-entry into the United States following a felony conviction, a violation of 8 U.S.C. § 1326(a), (b)(1).  The plea agreement recommended an eight-level increase under USSG § 2L1.2(b)(1)(C) because Lemus-Garcia's terroristic-threats conviction was an "aggravated felony."  Lemus-Garcia's Presentence Investigation Report ("PSR"), however, recommended a sixteen-level enhancement, because his terroristic-threats conviction qualified as a "crime of violence" under USSG § 2L1.2(b)(1)(A).  At the sentencing hearing, the court rejected the plea agreement and adopted the sentencing-guidelines recommendations of the PSR, ultimately determining an advisory sentencing guidelines range of 27 to 33 months.  The court also explained that, if the sixteen-level increase were inappropriate under § 2L1.2(b)(1)(A), it alternatively would vary upward to the same offense level based on "the extraordinary violence reflected in the record."  Because it had rejected the guidelines stipulations in the plea agreement, the court offered Lemus-Garcia the opportunity to withdraw his guilty plea.  After a recess, Lemus-Garcia elected to maintain his guilty plea.  When the sentencing hearing

recommenced, the court formally adopted the PSR's recommended guidelines calculations and sentenced Lemus-Garcia to 27 months' imprisonment. The court again stated that it would vary upward to the same sentence even if the § 2L1.2(b)(1)(A) increase was inappropriate.

On appeal, Lemus-Garcia argues that the district court committed a procedural error when it determined that the terroristic-threats conviction was a crime of violence under § 2L1.2(b)(1)(A). Lemus-Garcia argues further that this error was not harmless because the record indicates that the district court felt bound to include the sixteen-level enhancement and increase his sentence. We decline to reach the question whether the terroristic-threats conviction is a crime of violence under § 2L1.2(b)(1)(A) and instead affirm on the basis that any procedural error was harmless.

A district court's improper calculation of a defendant's guidelines range constitutes "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). This error is harmless, however, if the court was aware that an alternative range could apply and "would have given the defendant the same sentence regardless of which guidelines range applied." *United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005); *see also United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008) (collecting cases). In order to pronounce an alternative sentence, the court must "identif[y] the contested issue and potentially erroneous ruling, set[ ] forth an alternative holding supported by the law and the record in the case, and adequately explain[ ] its alternative holding." *United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012).

Here, the court made clear that even if the sixteen-level increase did not apply, it would vary upwards based on Lemus-Garcia's prior violent conduct. The court notified Lemus-Garcia before the sentencing hearing that it was "contemplating an upward variance" based on the nature of Lemus-Garcia's past violent conduct. At the

sentencing hearing, the court specifically identified the potential guidelines-calculation error and explained, "[a]lternatively, I would vary upward to the same level—that is to say a 16-level bump . . . and I would do so because of the, in my opinion, rather extraordinary violence that is reflected in the record." *Cf. United States v. Goodyke*, 639 F.3d 869, 875 (8th Cir. 2011) (holding potential procedural error at sentencing harmless because it was "fairly obvious from the transcript" that the district court intended to impose the same sentence on an alternative basis). On appeal, Lemus-Garcia does not challenge the court's finding regarding his violent conduct, and past violent conduct is a valid 18 U.S.C. § 3553(a) consideration, *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886-87 (8th Cir. 2009). Therefore, the court's alternative holding was supported by the law and the record in this case. *See Sayles*, 674 F.3d at 1072. Moreover, Lemus-Garcia's counsel argued for, and the court considered, the potential sentencing range of 6 to 12 months that corresponded with the eight-level increase recommended by the plea agreement. Here, "the record is clear that the district court intended to impose the same sentence . . . whether the appropriate increase under § 2L1.2(b)(1) was eight, twelve, or sixteen levels." *United States v. Sanchez-Martinez*, 633 F.3d 658, 660 (8th Cir. 2011). Accordingly, any procedural error was harmless.[2]

We affirm.[3]

_____

[2]To the extent that Lemus-Garcia argues that the court committed a procedural error by treating the guidelines as mandatory, we disagree. *See Gall* 552 U.S. at 51. The court specifically recognized that the guidelines are advisory.

[3]Lemus-Garcia does not argue that his sentence was substantively unreasonable, and we need not reach that question. *See United States v. Morell*, 429 F.3d 1161, 1164 n.2 (8th Cir. 2005).