# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3046

_____

United States of America

*Plaintiff - Appellee*

v.

Damon O'Neil

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 27, 2015
Filed: March 13, 2015
[Unpublished]

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this appeal following remand for resentencing based on Alleyne v. United States, 133 S. Ct. 2151 (2013) error, see United States v. O'Neil, 549 Fed. Appx. 595 (8th Cir. 2014) (unpublished per curiam), counsel for Damon O'Neil moves for leave to withdraw under Anders v. California, 386 U.S. 738 (1967), raising several challenges to O'Neil's drug conspiracy conviction and sentence. O'Neil has filed a

pro se supplemental brief, and he moves for new appointed counsel, and for discovery. For the reasons discussed below, we affirm the judgment; we grant counsel's motion to withdraw; and we deny as moot O'Neil's pending motions.

For reversal, counsel raises a challenge to the sufficiency of the evidence supporting O'Neil's conviction. This issue, however, not only falls outside the scope of our remand order, see O'Neil, 549 Fed. Appx. at 596, but we rejected a sufficiency of-the-evidence challenge in the first appeal; the issue is therefore not properly before us, see United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). Next, counsel argues that the government should have withdrawn its 21 U.S.C. § 851 sentence-enhancement notice due to a policy change in the United States Justice Department. Even setting aside whether that issue is properly before us in this limited appeal following remand, we are unaware of any authority conferring enforceable rights on defendants to enforce such a policy. Cf. United States v. Leathers, 354 F.3d 955, 962 (8th Cir. 2004). That argument also fails.

As to the sentence itself, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate review of sentencing decision), counsel in his Anders brief, and O'Neil in his pro se brief, challenge the district court's[1] drug quantity determination at the resentencing hearing, and the court's conclusion that O'Neil was subject to sentencing enhancements for playing an aggravating role in the offense and intimidating a witness. Any error in these findings, however, would be harmless, because the court ultimately calculated a Guidelines range corresponding to O'Neil's

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

career-offender status.[2]  See United States v. Rodriguez, 711 F.3d 928, 939 (8th Cir. 2013).

Counsel also argues that O'Neil's criminal history was overstated, and that the sentence is substantively unreasonable. The court's discretionary decision not to depart based on an overstated criminal history, however, is unreviewable, see United States v. Wanna, 744 F.3d 584, 589 (8th Cir. 2014); and the sentence imposed, representing the district court's decision to vary significantly below the Guidelines career-offender advisory sentencing range, is not substantively unreasonable, see United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012).  Finally, upon independently reviewing the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, we deny O'Neil's motions as moot, and we affirm.

_____

[2]The career-offender offense level is tied to the applicable statutory maximum penalty, see U.S.S.G. § 4B1.1, which in turn is driven by the jury's drug quantity finding and the dictates of 21 U.S.C. § 841.