# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1884
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jose Carlos Montoya-Echeverria,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: October 6, 2014
Filed: April 13, 2015
[Unpublished]

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jose Montoya-Echeverria pleaded guilty to unlawful reentry to the United States after a previous removal, in violation of 8 U.S.C. § 1326(a)(1). The district

court[1] sentenced him to 41 months in prison. Montoya-Echeverria appeals his sentence, and we affirm.

In calculating the advisory sentencing guideline range for Montoya-Echeverria's offense, the district court applied a sixteen-level specific offense characteristic because the defendant previously was deported after a conviction for a crime of violence. *See* USSG § 2L1.2(b)(1)(A). The court determined that Montoya-Echeverria's convictions for domestic abuse assault under Iowa Code § 708.2A(2)(c) and first degree harassment under Iowa Code § 708.7(2) qualified as crimes of violence. As a result, the court determined an advisory guideline range of 41 to 51 months' imprisonment, and sentenced the defendant to 41 months.

The court explained, alternatively, that even if there were no sixteen-level increase for removal after a crime of violence, the court would have imposed the same sentence based on the facts that led to Montoya-Echeverria's prior convictions for domestic abuse assault and first degree harassment. In that incident, Montoya-Echeverria went to the home of a woman with whom he shares a child and questioned her about her boyfriend. When she refused to answer, he began to choke her, then displayed a firearm, forced it into her mouth, and asked whether she was ready to die. When she did not respond, he removed the gun and departed.

Montoya-Echeverria argues on appeal that there was procedural error in calculating the advisory guideline range because his convictions for domestic abuse assault and first degree harassment were not crimes of violence. Even assuming for the sake of analysis that his argument has merit, the district court was clear that it would have imposed the same sentence based on 18 U.S.C. § 3553(a), regardless of the guideline calculation and USSG § 2L1.2. Any error in calculating the advisory

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

range was therefore harmless. *United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012); *United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____