# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3442

_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Javier Munguia Reyes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: July 28, 2021
Filed: August 2, 2021
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Francisco Javier Munguia Reyes appeals after he pleaded guilty to illegal reentry, and the district court[1] sentenced him to sixty months in prison. His counsel

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel argues the district court procedurally erred by applying an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) ("crime of violence"), and imposed a substantively unreasonable sentence.

Having reviewed the record, we conclude that any potential procedural error in applying the enhancement was harmless because the district court was aware of and acknowledged the alternative advisory guideline range, expressly stated it would have imposed the same sentence regardless of any error, and adequately explained its decision, which was supported by the law and the record. See United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012); see also United States v. Lemus-Garcia, 594 Fed. Appx. 321, 322-23 (8th Cir. 2015) (per curiam); United States v. Montoya-Echeverria, 608 Fed. Appx. 432, 432-33 (8th Cir. 2015) (per curiam). We conclude, moreover, that the sentence was not substantively unreasonable. See Gall v. United States, 552 U.S. 38, 41, 51 (2007) (abuse-of-discretion review). The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors, including Reyes's rehabilitative efforts and lack of prior immigration offenses. See United States v. Feemster, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc). Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____