# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1250

_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Sorey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: September 19, 2022
Filed: October 14, 2022
[Unpublished]

_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Darrell Sorey pled guilty to one count of possessing an unregistered destructive device, and the district court[1] sentenced him to 60 months imprisonment, followed by 3 years of supervised release. Sorey appeals, alleging that (1) the district

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

court erroneously determined that he was an unlawful user of a controlled substance while in possession of the destructive device and firearms, resulting in the incorrect calculation of his base offense level and an improper sentence enhancement under United States Sentencing Guidelines (USSG) §§ 2K2.1(a)(4)(B) and (b)(1)(B), and (2) his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Tragically, the story of Sorey's conviction begins with the death of his father in a one-vehicle rollover accident. When law enforcement arrived on the scene, they located multiple firearms with ammunition, a pipe bomb, and two $CO_2$ cartridges with fuses protruding from the top of each. They also found receipts for purchases recently made from a Walmart in Florida and an Academy Sports in Georgia. Based on these receipts, law enforcement reviewed surveillance footage from both stores. The footage depicted Sorey, his father, and Sorey's ex-girlfriend purchasing ammunition, Tannerite, and $CO_2$ cartridges. Law enforcement then secured search warrants for the residences of Sorey, his father, and his ex-girlfriend.

In executing the warrant for the ex-girlfriend's residence, law enforcement first located Sorey alone in the house. The officers then looked in the garage and discovered an arrow with a $CO_2$ cartridge attached, among other explosive devices. Additionally, in a bedroom, officers found a glass pipe and a baggie containing methamphetamine next to Sorey's cell phone. In interviews with law enforcement, Sorey confessed to constructing the explosive devices but emphasized that he had no nefarious purpose in doing so. He denied ownership of the methamphetamine and drug paraphernalia but admitted that he used "pot every once in a while" with his last use being "two weeks" prior. In executing the warrant for Sorey's residence, officers located no further evidence of drug use, but they did find several additional firearms and ammunition there. Finally, at Sorey's father's house, law enforcement located no items of interest.

Following the investigation, Sorey was charged with various crimes. Ultimately, he pled guilty to one count of possessing an unregistered destructive

device, in violation of 26 U.S.C. §§ 5812, 5841, 5845(f)(1)(A), (D), (F), (f)(3), and 5861(d). At the sentencing hearing, the district court determined that, based on Sorey's admission to smoking marijuana and the evidence of his methamphetamine use found at his ex-girlfriend's residence, Sorey qualified as a "prohibited person" in possession of firearms and the destructive device. USSG §§ 2K2.1(a)(4)(B), (b)(1)(B). More specifically, the district court determined that Sorey qualified as a prohibited person because he was an "unlawful user of . . . any controlled substance" under 18 U.S.C. § 922(g)(3). As such, Sorey's total offense level rose to 23. This offense level combined with Sorey's criminal history category of III resulted in a Guidelines range of 57-71 months imprisonment. After weighing the sentencing factors found in 18 U.S.C. § 3553(a), the district court sentenced Sorey to 60 months imprisonment with 3 years supervised release. Although Sorey's status as a prohibited person was a key issue during the sentencing hearing, the district court stated that "my ultimate sentence in weighing all the [§] 3553(a) factors would be 60 months regardless of" whether Sorey qualified as a prohibited person. Sorey appeals.

I.

Sorey first argues that the district court erred in determining that he qualified as a prohibited person. We review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error. United States v. Jackson, 633 F.3d 703, 705 (8th Cir. 2011). A prohibited person under USSG § 2K2.1(a)(4)(B) means any person described in 18 U.S.C. § 922(g). The provision specifically applicable to Sorey, § 922(g)(3), in turn, does not define the phrase "unlawful user of . . . any controlled substance," United States v. Turnbull, 349 F.3d 558, 561 (8th Cir. 2003), vacated, 543 U.S. 1099 (2005), reinstated, 414 F.3d 942 (8th Cir. 2005) (per curiam), but we have interpreted it to require "a temporal nexus between the proscribed act . . . and regular drug use." United States v. Carnes, 22 F.4th 743, 748 (8th Cir. 2022).

However, we need not decide whether Sorey qualifies as a prohibited person. "We have held that it is permissible for sentencing courts to offer alternative explanations for their sentencing decisions and that, in some circumstances, such explanations may serve to prove other identified sentencing errors harmless." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012); see also United States v. Dean, 823 F.3d 422, 430 (8th Cir. 2016) (affirming sentence when district court explained that "it would have imposed the same sentence even without the four-level enhancement" because "even assuming [that the court erred in applying the four-level enhancement . . .], any such error was harmless" (first alteration in original) (citation omitted)). Generally, "we have found harmless sentencing error when a court specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding." Sayles, 674 F.3d at 1072.

Here, the district court has done so. First, it identified the prohibited-person determination as the contested issue and noted its potentially erroneous ruling. The district court then explained that, because of "concerns about the nature of the offense including the involvement with explosives and Mr. Sorey's criminal history," Sorey's "ultimate sentence in weighing all the [§] 3553(a) factors would be 60 months regardless of what the guideline disputed issues turned out to be." R. Doc. 117, at 64-65. In the absence of the prohibited-person determination, Sorey would face a Guidelines range of 37-46 months imprisonment. Thus, assuming that Sorey did not qualify as a prohibited person, the district court's alternative holding would constitute an upward variance of 14 months. The law and record in this case support such a variance. Cf. United States v. Hummingbird, 743 F.3d 636, 638 (8th Cir. 2014) (per curiam) (finding no error when district court imposed upward variance based primarily on the "nature and circumstances" of the defendant's offense because such a "judgment was within the district court's discretion"). Therefore, any error on the part of the district court was harmless, and we reject Sorey's first claim.

## II.

Sorey next argues that his sentence is substantively unreasonable. "We review the substantive reasonableness of a sentence for abuse of discretion." Carnes, 22 F.4th at 750. "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "A district court has 'wide latitude' to assign weight to give[n] factors," and it is not enough that Sorey merely has "a disagreement with how the district court chose to weigh" them. Carnes, 22 F.4th at 751 (alteration in original) (citations omitted).

Here, the district court sentenced Sorey to 60 months imprisonment. Sorey argues that the district court abused its discretion in doing so by not properly considering his limited criminal history and general lack of danger. But the district court did consider Sorey's criminal history and found that, since it was so extensive, it weighed in favor of a longer sentence. On the second assertion, Sorey emphasized that he made the explosive devices purely out of curiosity and not for any nefarious purpose. The district court took this into account and still decided that Sorey was dangerous because of the nature of the explosive devices, even if they were admittedly "just for fun." Ultimately, Sorey's assertions amount to "nothing more than a disagreement with how the district court chose to weigh the [sentencing] factors," Carnes, 22 F.4th at 751, which is not enough to show substantive unreasonableness.

For the foregoing reasons, we affirm the judgment of the district court.

_____